SPIESS & ROSSWAY *vs.* SHARP.

[This case was argued at the last term, and decision reserved.]

1. No motion to set aside the verdict and grant a new trial having been made, exceptions to the rulings of the court and to the decree will alone be considered.

2. Continuances are questions for the discretion of the presiding judge, and its exercise in this case was not abused.

3. There is no need to make the sheriff a party to a cause where his return is not traversed; and where he returns that he left the copy of a rule at the party's residence, and the party's testimony is that she did not get it, there is no conflict between the two statements, and no necessity for a traverse of the return, and in fact there was none made in the case.

4. The exception to the charge is as follows: "that the court erred under the pleadings and facts in this case (the same not being controverted, but admitted to be true, as alleged by the original bill, to-wit: 'At the March term, 1872, of this court, the said Spiess & Rossway filed their petition to foreclose said mortgage. A rule *nisi* was issued, and at the October term, 1872, a rule absolute was obtained, and a *fi. fa.* issued, which was levied by the sheriff on said land of your oratrix, and on the 4th day of February, 1873, the said land was sold by the sheriff of DeKalb county, and under and

by virtue of said *fi fa.,* to said Spiess & Rossway, for the sum of one thousand dollars, and a deed made in accordance with the sale ")" in failing to charge that said Spiess & Rossway being purchasers at the judicial sale under a judgment by a court of competent jurisdiction, were protected by said purchase as against the claim of the complainant, and that defendants were not bound to look further than the proceedings to foreclose to see that the same were regular and in accordance with the law, and as the same appear by examination of the rule *nisi* with the entries thereon and the judgment of the court rendering the rule absolute thereon, and that the proceedings under the levy and sale were notice to all parties in the case who were bound to take cognizance thereof; and instead of so charging, in charging the jury in the following words, to-wit: 'The defendants, Spiess & Rossway, say that they are to be protected in their title because they instituted proceedings to foreclose the mortgage, and because there is a judgment of foreclosure, and that Mrs. Sharp is estopped from denying service of the rule *nisi;*' whereas the position taken by counsel for defendants was that they were protected as purchasers at a judicial sale)." It is difficult to comprehend what is meant by this exception; the ground of complaint seems to be that the judge did not put the case on the fact that defendants were purchasers at a judicial sale, but on the binding force of the judgment of foreclosure. So understanding it, we fail to see error in the exception. It does not appear that any request to charge, either oral or written, was made; and it is not apparent how or in what particular the court erred.

5. No motion being made to set aside the verdict and grant a new trial, and the decree following the verdict, it is right, especially the part excepted to awarding a writ of possession to the complainant.

JACKSON, Justice.