KAISER & BROTHER *v.* HANCOCK.

Without special authority an attorney can not accept anything in discharge of his client's claim but the full amount thereof in cash. And where a plaintiff introduces evidence which makes out a prima facie case in his favor for the full amount for which he sues, proof by the defendant, in support of a plea filed by him, that he has paid to the attorney of record for the plaintiff a sum less than the amount sued for, as a full settlement of the plaintiff's demand against him, raises no presumption that the attorney was authorized by the plaintiff to make such a settlement. Consequently, under such circumstances, the burden is upon the defendant to show the authority of the plaintiff's attorney to make the settlement which he sets up as a satisfaction of the plaintiff's claim.

Submitted November 18, — Decided December 16, 1898.

Complaint. Before Judge Smith. Montgomery superior court. April term, 1898.

*J. B. Geiger*, for plaintiffs. *W. L. Clarke*, for defendant.

FISH, J. In 1891 Kaiser & Brother, through their attorney, J. T. Neeson, brought suit, in Montgomery superior court, against W. H. Hancock, on an open account for $449.22. The case was tried at the April term, 1898, when the defendant filed an amended plea in which he set up that, "on the 10th day of March, 1894, he paid to J. T. Neeson, the attorney of record for the plaintiff, . . the sum of $350.00 as a full settlement of the account, the subject-matter of the suit." On the trial, both members of the firm of Kaiser & Brother and one of the firm's employees testified, that the goods represented by the account were sold and delivered by the plaintiffs to the defendant, and that the account was correct and true; and one of these witnesses testified that the defendant had admitted the account sued on to be correct. So that, in the absence of evidence to the contrary, the plaintiffs would have been entitled to recover the full amount of their claim. In support of his plea the defendant testified, that he had paid the account sued.

on to Neeson, the attorney at law who had the claim for collection, and took his receipt at the time that he made the payment. The defendant produced the following receipt, which he testified Neeson signed and delivered to him when the payment was made: "Received of W. H. Hancock the sum of $350.00 as a settlement of the claim of A. Kiser & Bro. vs. W. H. Hancock. This 10th day of March, 1894. [Signed] J. T. Neeson, attorney for A. Kiser & Bro." This receipt was then introduced in evidence. Upon cross-examination, the defendant testified that he did not remember the exact amount that he paid Neeson, but it lacked some $15.00, possibly more, of being the amount stated in this receipt, and was paid as a full settlement, and the attorney for the plaintiffs agreed to so accept it. Upon this testimony the court directed a verdict for the defendant. The plaintiffs made a motion for a new trial, in which they alleged that the verdict was contrary to evidence and without evidence to support it, and that it was contrary to law. The court overruled the motion, and the plaintiffs excepted.

A copy of the order directing a verdict is contained in the record, from which it appears that the court was of opinion that, under sections 4417 and 4423 of the Civil Code, upon the proof submitted by the defendant, the presumption arose that the attorney of record for the plaintiffs had special authority from them to accept from the defendant, as a full settlement of their claim, the amount which the defendant paid to him, and which he accepted, for this purpose, and that this presumption became conclusive in the absence of testimony from the plaintiffs to the contrary. This opinion of the court was erroneous. The law is that, " without special authority attorneys can not receive anything in discharge of a client's claim but the full amount in cash." Civil Code, § 4418. "An attorney at law charged with the collection of a claim being a special agent for this purpose, and being expressly forbidden by law from receiving anything in discharge of a client's claim but the full amount in cash, one who undertakes to settle with an attorney an account in his hands for collection for a sum less than is due thereon must, at his peril, ascertain that the attorney is authorized to make such a compromise." *Sonnebom* v. *Moore*, 105 *Ga.*

That proof of the fact that the attorney for the plaintiff accepted from the defendant a sum less than the amount of the plaintiffs' claim raised no presumption, in favor of the defendant, that the attorney had special authority from his clients to do so, is settled by the decision of this court from which we have just quoted. For it was held in that case that, while the court erred in rejecting pertinent testimony offered by the plaintiffs for the purpose of showing expressly that their former attorneys were not authorized to accept in satisfaction of the account now sued on less than its face value, even upon the evidence actually admitted the verdict for the defendants was contrary to law, there being no proof whatever that these attorneys had authority to make the compromise and settlement set up by the defendants in their answer. This is decisive of the present case. It follows that the court erred in directing a verdict for the defendant, and consequently a new trial should have been granted. Of course, if an attorney for a plaintiff has accepted from the defendant a sum less than the amount of the plaintiff's claim, as a full settlement thereof, without authority from his client to make such a compromise, the defendant, upon proper pleading and proof, would be entitled to a credit for the amount actually paid by him to the attorney.

*Judgment reversed. All the Justices concurring.*