## KIGHT v. STEPHEN PUTNEY SHOE COMPANY.

1. A sale of a stock of merchandise in bulk, not in compliance with the provisions of the Civil Code, § 3226 et seq., is void as to creditors, on the ground of fraud; and a creditor may proceed by attachment against his fraudulent debtor.

2. Where a mercantile corporation turns over its stock of merchandise to its president and principal stockholder, who undertakes to buy up at a discount the claims against the corporation, and who, after purchasing a majority of such claims, sells the stock of merchandise in bulk to a third person who knows that the corporation's president is buying up the claims against the corporation, and that some of the claims had not been purchased at the time of the sale, such a transaction falls within the operation of the sales-in-bulk statute; and the sale by the president of the corporation to such third person without complying with the terms of the statute is void as against creditors of the corporation. Any agreement between a traveling salesman of the creditor, who sold the goods for his principal and was authorized to collect the amount of his sales, and the president of the corporation, looking to the sale and transfer of the creditor's claim for less than the undisputed amount of the claim, is not binding on the creditor, in the absence of proof of the agent's authority to accept less than the full amount of the claim.

FEBRUARY 13, 1912.

Attachment and claim. Before Judge Rawlings. Johnson superior court. November 30, 1910.

*Daley & Daley,* for plaintiff in error.

*W. A. Thompson* and *John R. L. Smith,* contra.

EVANS, P. J. E. A. W. Johnson, the president of the J. W. Johnson Company, a mercantile corporation, sold its entire stock of merchandise to N. J. Kight without complying with the terms of the sales-in-bulk statute. The Stephen Putney Company, a creditor of the corporation, sued out an attachment against the corporation as a fraudulent debtor, and upon the levy of the attachment

Mrs. Kight filed a claim. On the trial of the case it appeared that the mercantile corporation, being financially embarrassed, entered into a conference with some of its creditors, looking to a possible composition of its indebtedness. At this meeting only a few of the creditors were present, and E. A. W. Johnson, president and principal stockholder of the corporation, was invited to make a proposition. He proposed to pay each creditor, for an assignment to him of the creditor's demand against the corporation, the sum of fifty cents on the dollar, payable in cash, or sixty cents, if payment was accepted in notes. The defendant in error was an account creditor, and sent its claim to a local attorney for collection. Mr. Johnson submitted his proposition to the local attorney of the defendant in error, which was accepted subject to the approval of his client, and the attorney transferred to Mr. Johnson his client's account against the debtor and received from Mr. Johnson his notes for sixty cents on the dollar which he transmitted to his client. The defendant in error promptly refused to accept the notes and returned them to its attorney, who delivered them to Mr. Johnson. Pending these negotiations Mr. Johnson, who had purchased a majority in amount of the claims against the corporation, sold its entire stock of merchandise to the agent of the claimant, who knew of the financial stress of the Johnson company, and that the corporation's president and principal stockholder was buying up the claims against the corporation, and that some of the claims had not been purchased at the time of the sale to him. The sale was made in bulk without any attempt at compliance with the sales-in-bulk act, as contained in Civil Code, § 3226 et seq. The traveling salesman of the defendant in error was present at the meeting of the creditors, when Mr. Johnson was invited to make his proposition. He testified that he happened to be in town, and was called in to the conference, but accepted no proposition. Mr. Johnson testified that the traveling salesman did accept his proposition. It was undisputed that neither the traveling salesman nor the attorney of the defendant in error had authority to compromise or sell at discount the claim of the defendant in error. At the conclusion of the evidence the court directed a verdict for the plaintiff.

1. A sale of merchandise in bulk without complying with the statute providing for such sales (Civil Code, § 3226 et seq.) gives to a creditor the right to proceed against the vendor as a fraudulent

debtor. *Carstarphen Co.* v. *Fried,* 124 *Ga.* 544 (52 S. E. 598). Such sale is declared to be fraudulent by the statute.

2. Under the evidence the verdict was demanded. The only conflict in the testimony related to a transaction between the creditor's traveling salesman and the president of the debtor corporation. But that is immaterial, as no authority of the agent to accept less than the full amount of his principal's debt was shown. An agent to collect can not accept a less sum in settlement of his principal debt, nor sell at discount his principal's claim, without authority from his principal. *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123).

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*