## 5597. FUTCH v. QUINN-MARSHALL COMPANY.

1. No sufficient reason for a continuance of the case was presented.
2. Failure to object to a juror before verdict, on the ground of relationship, where the relationship is known to the party or his counsel, will be construed as a waiver of such objection.
3. Although a justice of the peace should enter on his docket all cases in his court, the mere failure to enter thereon until after judgment a case remanded, through certiorari, for another trial will not void a verdict and the judgment thereon.
4. There was no error in overruling the certiorari.

DECIDED JUNE 22, 1914.

Certiorari; from Bryan superior court—Judge Sheppard. January 29, 1914.

*R. F. C. Smith,* for plaintiff in error.

ROAN, J. Quinn-Marshall Company brought suit in a justice's court against J. H. Futch, as maker, and S. C. Futch and Harmon Butler, as indorsers, of a promissory note. The trial resulted adversely to Quinn-Marshall Company, and it sued out certiorari. On the hearing of the certiorari, on March 19, 1913, the judge of the superior court passed an order remanding the case to the justice's court for a new trial. The second trial resulted in a judgment for the plaintiff; whereupon J. H. Futch sued out certiorari. The certiorari was overruled, and he excepted. From the record it appears that when the case was called in the justice's court, at the April term, 1913, the plaintiff announced ready. J. H. Futch was not present in person, and his counsel announced not ready, and, according to the allegations of the petition for certiorari, moved the court to let the case stand for trial at the May term, because, as he contended, the case was not properly before the court, the record with the order in the certiorari case having never been filed or entered in the superior court, and the defendant having had no notice whatever that the case would be called for trial at the April term. This contention, however, is denied by the answer of the magistrate, from which it appears that the only showing for a continuance actually made by counsel was that "he [the counsel] had not had time to prepare his case, and was therefore not ready for trial; that he had had no notice that said case would be tried at this particular term." The plaintiff insisted upon trial at once, and the justice, over the objection of the defendant's at-

torney (which contained only matter addressed to the court's discretion), ordered the case to trial. The petition for certiorari sets out that the plaintiff then proceeded to impanel a jury, on which was J. H. Butler, who had been a juror on the former trial of the case, and who was related to the defendants, and that there were also on the jury George W. Dugger and W. W. Dugger, who were related to the defendants within the prohibited degrees and were disqualified to act as jurors in the case. The petitioner alleges that he did not waive their disqualification. The plaintiff tendered in evidence the note sued upon, and the jury returned a verdict in favor of the plaintiff. After the verdict had been delivered, the justice of the peace for the first time entered the case on the docket of his court, and entered up judgment on the verdict. In the petition for certiorari it is alleged that the court erred in overruling the showing made for a continuance; that the verdict should be set aside because of the relationship of the three jurors; that the verdict and judgment should be set aside because the court failed to enter the case on the docket prior to the verdict; and that the court erred in ordering the case to trial when it appeared, from the statement of counsel, that the record and the order granting a rehearing had not been filed in the superior court and entered on the minutes thereof.

1. As no sufficient reason was presented to the justice's court why the case should be continued from the April term until the May term, the court committed no error in overruling the motion for a continuance.

2. Failure to challenge on account of the relationship of one or more jurors, within the prohibited degrees, to one of the parties in the case, if the relationship is known to the party or his counsel before verdict and no objection is made on this account, will be treated as a waiver of the disqualification. Before a verdict will be set aside because of the disqualification of a juror, it must appear that the disqualification was unknown to the complaining party before service by the juror; and as it is nowhere insisted in the petition for certiorari that the disqualification of the juror in this case was unknown at the time the juror was accepted, the point is without merit. Relationship of a juror to the unsuccessful party in a cause is of itself no ground for setting aside a verdict. *Wright* v. *Smith*, 104 *Ga.* 174 (30 S. E. 651). In the

absence of such an allegation we must conclude that the objections later urged were known to movant or his counsel before verdict. See *Brown* v. *State,* 28 *Ga.* 439; *Bullard* v. *Trice,* 63 *Ga.* 166; *Harris* v. *State,* 10 *Ga. App.* 70 (72 S. E. 516).

3. The only remaining assignment of error in the petition for certiorari is that the case was not entered on the docket of the justice's court until after the verdict was rendered, and that for that reason the trial was a nullity. This assignment of error is without merit. From the magistrate's answer to the certiorari it appears that he was in possession of the papers in this case, they having been returned to him for a rehearing, and by oversight he failed to restate the case on his docket until after the verdict had been rendered. It is true that it was the duty of the justice to enter the case upon his docket, but this entry was a ministerial act, and he, being his own clerk, could make the entry nunc pro tunc; that-is to say, it could be entered after the verdict was rendered, as well as before. When a justice's court is shown to have jurisdiction, not only of the subject-matter of the suit, but, by proper service, of the person of the defendant, a verdict and judgment will not be set aside for a failure, through oversight or inadvertence, to enter the case upon the docket until after the rendition of the verdict and judgment. It has been held that when a justice renders a judgment in a case, the judgment should be entered on the docket, but the mere ministerial act of transcribing it on his docket may be done after the court has adjourned and at a place different from that where the judgment was rendered. See *Ryals* v. *McArthur,* 92 *Ga.* 378 (17 S. E. 350). The fact that the justice of the peace failed, through oversight, to enter this case upon his docket until just after the verdict was rendered is not sufficient of itself to invalidate the verdict. See *Stewart* v. *Hall,* 106 *Ga.* 172 (32 S. E. 14).

4. The superior court did not err in overruling the certiorari.

*Judgment affirmed.*