VALDOSTA BANK & TRUST COMPANY *et al. v.* ARNOLD *et al.*

PER CURIAM. The assignments of error based on excerpts from the charge, when considered in connection with the entire charge and the evidence, do not require a reversal. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 344. FEBRUARY 13, 1918.

Equitable petition. Before Judge Thomas. Lowndes superior court. April 21, 1917.

*Woodward & Smith* and *E. K. Wilcox,* for plaintiffs in error.
*Whitaker & Dukes,* contra.

---

EVANS *v.* ATLANTIC NATIONAL BANK OF JACKSONVILLE *et al.*

HILL, J. 1. Without special authority, an attorney can not accept anything in settlement of his client's claim other than the full amount in cash. Civil Code (1910), § 4956; *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123).

2. Where a promissory note provides for the payment by the maker of principal, interest, and attorney's fees, the attorney's fees are a part of the principal debt.

3. Where a promissory note is placed by the owner and holder in the hands of an attorney for collection of the principal, interest, and attorney's fees, and suit is brought on the note for these several items and judgment taken therefor; and where the attorney, without special authority from his client, agrees to accept the principal, interest, and costs due on the note, such agreement would not be binding upon the client, nor prevent a fi. fa. based on a judgment predicated on such note from proceeding against the maker for attorney's fees. Even if the attorney accepted principal, interest, and costs on the fi. fa., and agreed with the maker of the note not to collect the attorney's fees, such agreement would raise no presumption that the attorney was authorized by his client to make such settlement. There was no allegation to the effect that there was authority on the part of the client authorizing a settlement of the fi. fa. for less than its full value by the attorney in the present case.

4. Applying the foregoing rulings to the facts alleged in the petition, the court did not err in sustaining the demurrer and dismissing the petition.               *Judgment affirmed. All the Justices concur.*

No. 347. FEBRUARY 13, 1918.

Equitable petition. Before Judge Eve. Turner superior court. April 4, 1917.

*E. A. Rogers* and *J. H. Tipton,* for plaintiff.
*J. B. Hutcheson, J. A. Comer,* and *A. S. Bussey,* for defendants.