## 10223.  JONES v. WORD & MAULDIN.

LUKE, J. It is well settled that an attorney at law can not without special authority receive anything in discharge of his clients claim but the full amount in cash. Civil Code (1910), § 4956. Upon the agreed statement of facts the trial court did not err in rendering the judgment complained of; and it was, therefore, not error for the judge of the superior court to overrule the certiorari.

*Judgment affirmed.  Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 19, 1919.

Certiorari; from Fulton superior court—Judge Ellis.  October 30, 1918.

Jones owed Word & Mauldin $226.18, the amount of an open account for merchandise, running from February to July, 1917. On October 1, 1917, suit against Jones for a sum less than the amount due on the account was brought thereon in the municipal court of Atlanta in the name of Wood & Mauldin by their attorney at law, and garnishment was sued out; it being stated in the suit that it was for "balance due on account for merchandise and groceries, $126.18." A few days later the defendant paid to the attorney who brought the suit the full amount sued for, with costs, as a settlement of the case, taking from the attorney a receipt which stated that the amount paid was in full settlement. On November 30, 1917, the plaintiffs brought suit against the defendant, in the same court, for the unpaid balance of $100 on the account. The defendant pleaded that the account sued on had been settled in full. The case was tried on an agreed statement of facts, in which it is stated that the former suit was brought by the attorney for the plaintiffs on instruction given over a telephone by Ward, one of the plaintiffs, who stated that the amount of the account was $226.18, but the attorney understood him to say $126.18, and accordingly brought suit for the latter amount, and did not know of the mistake until after the settlement with the plaintiff; that the settlement was unauthorized by the plaintiffs and has never been sanctioned or ratified by them; that the attorney had no authority to settle for less than the entire amount due, and that on learning of the mistake he notified the defendant and demanded payment of the balance due. It is "agreed that the amount stated in this suit is correct and the balance of $100 sued for has never been paid by the defendant." Judgment for this amount was rendered against the defendant, and he sued out certiorari, alleging that the judgment

was contrary to law and without evidence to support it. The certiorari was overruled, and he excepted.

*Lawton Nalley,* for plaintiff in error, cited: *Evans* v. *Collier,* 79 *Ga.* 319; *Johnson* v. *Klassett,* 9 *Ga. App.* 733; Civil Code (1910), § 4389; *Thompson* v. *McDonald,* 84 *Ga.* 5; *Macon & Augusta R. Co.* v. *Garrard,* 54 *Ga.* 327.

*Virlyn B. Moore,* contra, cited: Park's Code, §§ 4956, 5795; *Patterson* v. *Childs,* 9 *Ga. App.* 646; *Bell* v. *Kwilecki,* 11 *Ga. App.* 9; *Kaiser* v. *Hancock,* 106 *Ga.* 217; *A. C. L. Railroad Co.* v. *Blalock,* 8 *Ga. App.* 44 (4); *Johnson* v. *Klassett,* supra, distinguished.