### 12520.   JOHNSON, administrator, *v.* STARR PIANO COMPANY.

Authority for the plaintiff's attorneys to accept in settlement of the suit a sum less than the amount sued for will not be presumed. The evidence in this case does not show such authority, or that the plaintiff ratified the act of its attorneys in accepting the sum received in settlement of the suit; and the court did not err in directing a verdict against the defendant for the amount of the difference between the sum sued for and the sum so received.

DECIDED OCTOBER 6, 1921.

Trover; from city court of Albany — Judge Clayton Jones. May 17, 1921.

For a piano alleged to be of the value of $106.97 the Starr Piano Company brought trover against the administrator of Mrs. Johnson. The names of Peacock & Gardner and Guy O. Buckner were signed to the petition, as attorneys for the plaintiff. The allegations as to the defendant's possession of the piano and its value were admitted in his answer, but he denied the plaintiff's claim of title and pleaded that he had paid to Guy O. Buckner $75 in full settlement of the suit. The court, at the conclusion of the evidence on the trial, directed a verdict in favor of the plaintiff for the amount of the difference between this sum and the admitted value of the piano, the plaintiff having elected to take a money verdict. The case came to the Court of Appeals on exceptions to the direction of the verdict and to the rulings on the evidence offered by the defendant.

The evidence introduced by the plaintiff was a conditional-sale contract, in which Mrs. Johnson agreed to pay $129 as a balance of the purchase-money, and title to the piano was retained in the plaintiff until payment of this balance. A check for $75, dated April 6, 1920, signed by the defendant, payable to Peacock & Gardner, indorsed by Peacock & Gardner, and " returned paid," on the face of which was a notation, " in full payment of note of Starr Piano Company, and one half of cost," was offered in evidence by the defendant for the purpose of showing a full settlement of the case. Counsel for the plaintiff objected to the admission of the check for that purpose, and the court admitted it in evidence for the purpose of showing the payment of $75 " on the amount due." To this ruling the defendant excepted, contending that " this check having been received after the suit was filed and more than a year before the trial, and retained and not returned to the defendant, it was a ratification of the settlement, and the court should have admitted it for the purpose of showing settlement in full of the amount due and one half of the cost."

Before offering this check as evidence, counsel for the defendant introduced him as a witness and proposed to prove by him that " he went to the office of Peacock & Gardner, where Guy O. Buckner practised with them, and that Guy O. Buckner, in behalf of the plaintiff, agreed that the plaintiff should pay the dray-

age and freight, and he agreed to and did accept $75 in full settlement of the case and one half of the costs." The witness was not allowed to testify to this effect, the court sustaining an objection of counsel for the plaintiff on the ground "that it seeks to vary the terms of the written contract, and that counsel can not accept anything in settlement of the note except full payment, under the law of this State." The same objection was made and sustained when the defendant offered to testify that at the time of giving the check "he stated to Guy C. Buckner, associate counsel for the plaintiff, that it was understood that the plaintiff should pay the freight and drayage on the piano," and that Buckner then "recognized that it was the custom and the agreement in this case that the plaintiff should in the last payment deduct the freight and drayage on the piano," and then agreed to pay the freight and drayage and to accept $75 in settlement of the case. No further evidence was introduced.

*Claude Payton,* for plaintiff in error, cited: 2 Ruling Case Law, 995-9; Civil Code (1910), § 4955; *Davis* v. *First National Bank,* 139 *Ga.* 703; *Rogers* v. *Pettigrew,* 138 *Ga.* 528; *Rogers* v. *Brand,* 133 *Ga.* 759.

*H. A. Peacock,* contra, cited: Civil Code (1910), § 4956.

BLOODWORTH, J. In this case the defendant sought to avoid payment of a note by showing a settlement with an attorney for less than was due thereon. The principle involved is settled by § 4956 of the Civil Code (1910), which is as follows: "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash." In *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123), it was held: "Without special authority, an attorney can not accept anything in discharge of his client's claim but the full amount thereof in cash. And where a plaintiff introduces evidence which makes out a prima facie case in his favor for the full amount for which he sues, proof by the defendant, in support of a plea filed by him, that he has paid to the attorney of record for the plaintiff a sum less than the amount sued for, as a full settlement of the plaintiff's demand against him, raises no presumption that the attorney was authorized by the plaintiff to make such a settlement. Consequently, under such circumstances, the burden is upon the defendant to show the authority of the plaintiff's attorney to make

the settlement which he sets up as a satisfaction of the plaintiff's claim." Of course, if it were shown that the plaintiff, with a full knowledge of all the facts, received and kept the money paid in settlement, this would be a ratification of the settlement made by the attorney, and would be binding on the plaintiff. See also *Sonnebom* v. *Moore,* 105 *Ga.* 497 (1) (30 S. E. 947); *Evans* v. *Atlanta National Bank,* 147 *Ga.* 621 (1) (95 S. E. 219); *Bell* v. *Kwilecki,* 11 *Ga. App.* 9 (1) (74 S. E. 444).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*