## 14390.   MORGAN v. WEIL COMPANY.

STEPHENS, J.   1.   A sale of a stock of goods in bulk without a compliance with the requirements of the bulk-sales act of 1903 (Ga. L. 1903, p. 92; Civil Code of 1910, § 3228) conveys no title to the purchaser, as against the creditors of the vendor; and, although the purchaser may have paid to the vendor the purchase price therefor, the goods may, at the instance of the creditor of the vendor, be reached by garnishment as the vendor's property, in the hands of the purchaser. *Jaques & Tinsley Co.* v. *Carstarphen Co.*, 131 *Ga.* 1 (62 S. E. 82).

2. An agent or representative whose duties are merely to sell goods for his principal and collect therefor has no apparent authority to release any one from an obligation due to the principal; and where the agent does not in fact have any such authority, any agreement to such effect made by the agent in behalf of his principal is not binding upon the principal. Civil Code (1910), § 3595; *Kight* v. *Stephen Putney Shoe Co.*, 137 *Ga.* 493 (73 S. E. 740); *Kaiser* v. *Hancock*, 106 *Ga.* 217 (32 S. E. 123).

3. Knowledge of all the facts by the principal being essential to a ratification of acts done by an agent in the principal's behalf, the principal's acceptance of a note from a debtor, in settlement of the indebtedness, which the agent, with the knowledge of the principal, procured from the debtor for that purpose, does not amount to a ratification of an agreement made by the agent with one who, in violation of the bulk-sales act, fraudulently purchased a stock of goods belonging to the debtor, to release the purchaser from the obligations to the creditor imposed upon him by law by virtue of such fraudulent transaction, and to look to the debtor alone for payment.

4. Upon an issue tried upon the traverse of the answer of the garnishee, in a suit by the creditor against the debtor, where the purchaser of the goods in bulk from the debtor was garnishee, the plaintiff having obtained a judgment against the defendant, the plaintiff was, where the above stated facts appeared, without dispute, from the evidence, entitled as a matter of law to recover against the garnishee, and the verdict found for the plaintiff was properly directed.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 22, 1924.

Garnishment; from city court of Sylvania—Judge Evans. February 26, 1923.

*Boykin & Hollingsworth,* for plaintiff in error.

*J. S. Powell,* contra.