## 15643. FAIRBURN SUPPLY COMPANY v. CRUMLEY-SHARP HARDWARE COMPANY.

Disqualification of a juror in the case in which the judgment in question was rendered was not a sufficient ground of the affidavit of illegality. The ground as to settlement of the execution by a bank check delivered to the plaintiff's attorney failed to show that the check had been paid; but if it sufficiently averred that he accepted the check as payment, the affidavit of illegality was insufficient in failing to allege that he had authority to make the alleged settlement, or that the plaintiff ratified his act.

DECIDED JULY 22, 1924.

Affidavit of illegality; from Campbell superior court—Judge Hutcheson. April 15, 1924.

Crumley-Sharp Hardware Company procured a verdict and judgment against Fairburn Supply Company and others, and an execution, issued in pursuance thereof, was levied on the property of the supply company. It thereupon filed an affidavit of illegality, containing two grounds, as follows: (1) "That said execution was based upon a judgment, which judgment was based upon a verdict of a jury in Campbell superior court at the February term, 1924, and that D. B. Gullatt, a member of said jury, was and is related to O. W. Gullatt, a stockholder in defendant company, the said D. B. Gullatt being a brother of the said O. W. Gullatt; that said verdict of said jury was therefore void, and the judgment issued upon said void judgment is therefore void and illegal." (2) "That said execution has been paid in full by this defendant, and settled with a check issued by defendant upon the Bank of Campbell County, payable to plaintiff in fi. fa. and delivered to its attorney or agent, F. L. Eyles, and accepted by him for plaintiff in fi. fa.,

and said execution is therefore illegal and proceeding illegally, for the reason that the same has thus ·been settled." The affidavit was stricken on motion of the plaintiff in fi. fa., and the affiant excepted.

*Lawrence S. Camp,* for plaintiff in error.

*Mayson & Johnson,* contra.

BELL, J. 1. There are at least three reasons why the first ground of the affidavit of illegality was properly stricken: (*a*) That one of the jurors before whom the original case was tried was related within the prohibited degree to a stockholder of the defendant corporation, the unsuccessful party therein, is no legal cause for complaint by such party *after verdict,* and would not have been sufficient ground even of a motion by it for a new trial, although not known to such party or its counsel until after verdict. *Wright* v. *Smith,* 104 *Ga.* 174 (30 S. E. 651); *Screws* v. *Anderson,* 124 *Ga.* 361 (4) (52 S. E. 429); *Parker* v. *State,* 146 *Ga.* 131 (90 S. E. 859). (*b*) An objection to the validity of a verdict and judgment upon the ground that one of the jurors rendering the verdict was disqualified because of relationship to one of the parties, whether the successful or the unsuccessful party, is not available by affidavit of illegality, even where the circumstances might have afforded ground for a new trial. *McMillan* v. *Nichols,* 62 *Ga.* 36; *Rogers* v. *Felker,* 77 *Ga.* 46; *Jarrell* v. *Guann,* 105 *Ga.* 139 (2) (31 S. E. 149); *Mayor &c. of Brunswick* v. *Sims,* 14 *Ga. App.* 315 (80 S. E. 730). (*c*) "Before a verdict will be set aside because of the disqualification of a juror it must appear that the disqualification was unknown to the complaining party before the service of the juror" (*Futch* v. *Quinn-Marshall Co.,* 14 *Ga. App.* 692 (2), 82 S. E. 55), such want of knowledge not being alleged in the affidavit of illegality in this case. *Inter-Southern Life Insurance Co.* v. *McQuarie,* 148 *Ga.* 233 (2) (96 S. E. 424); *Holder* v. *Farmers Exchange Bank,* 30 *Ga. App.* 400 (5) (118 S. E. 467).

2. "Bank checks are not payment until themselves paid." Civil Code (1910), § 4314. "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash." Civil Code (1910), § 4956. The second ground of the affidavit of illegality failed to allege that the check itself had been paid, but assuming that it sufficiently averred that the attorney for the plaintiff in fi. fa. had accepted the check as pay-

ment, it still does not show any cause for arresting the fi. fa., "the burden [being] upon the defendant to show the authority of the plaintiff's attorney to make the settlement which [it] sets up as a satisfaction of the plaintiff's claim," and the affidavit having failed to allege that the attorney had such authority or that the plaintiff in fi. fa. had ratified his act. *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123) ; *Sonnebom* v. *Moore,* 105 *Ga.* 497 (30 S. E. 947) ; *Holland* v. *Mutual Fertilizer Co.,* 8 *Ga. App.* 714 (2) (70 S. E. 151) ; *Jones* v. *Word,* 23 *Ga. App.* 646 (99 S. E. 230) ; *Johnson* v. *Starr Piano Co.,* 27 *Ga. App.* 425 (108 S. E. 811) ; *Evans* v. *Atlantic National Bank,* 147 *Ga.* 621 (3) (95 S. E. 219).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*