16363. QUILLIAN & BROTHERS *v.* WALES ADDING MACHINE COMPANY.

Where the authority of a special agent to sell is limited by a writing to which the purchaser is a party, the seller is not bound by any agreement between the agent and the purchaser which is not contained in the writing.

The court did not err in directing a verdict for the plaintiff.

DECIDED JUNE 9, 1925.

Complaint; from city court of Hall county—Judge Sloan. February 16, 1925.

The Wales Adding Machine Company brought suit against Quillian & Brothers, alleging an indebtedness of $125 and interest thereon, the balance due under a written contract for the purchase price of an adding machine. The defendants filed an answer denying the indebtedness and alleging that they had traded machines with one Clary, an agent of the plaintiff, trading in their old machine at $125 and later paying $200 in cash in full payment of the purchase price of the old machine. On the trial the plaintiff introduced in evidence the original contract, showing that the consideration for the machine was $325, with provision for a discount of 2% for cash within ten days from the date of invoice. The contract further provided in part as follows: "Nothing but acceptance in writing from vendor's home office, Wilkes-Barre, Pa., shall constitute an acceptance of this contract. . . It is agreed this order shall not be subject to countermand or rescission by vendee, and that it covers all agreements concerning this transaction of every name and nature, and no representations or agreements made by an agent or any other person, not included herein,

shall be binding. . . It is expressly understood that all payments hereunder are to be made by check, draft, or money order, payable to Wales Adding Machine Company, Wilkes-Barre, Pa." At the conclusion of the evidence the court, on motion of counsel for the plaintiff, directed a verdict for the plaintiff. The defendants excepted.

*Ed. Quillian,* for plaintiff in error.

*J. M. McClure; G. F. Kelley,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) While the defendants alleged in their plea that Clary was the agent of the plaintiff, there is no evidence that in this transaction he was anything more than an agent to sell, a special agent. Indeed, D. T. Quillian, a member of the defendant firm, swore that "this man Clary came to us because I called the Wales Adding Machine Company and told them to send a man to fix the machine we had." The question of the sale arose after the arrival of Clary. "Agency to sell does not necessarily carry with it agency and authority to collect." *Collins* v. *Crews,* 3 *Ga. App.* 238 (1) (59 S. E. 727). It is a well-recognized principle of law that when a contract made by an agent is relied on, the authority of the agent must be shown. Not only did the law put the purchaser on notice that "in special agencies for a particular purpose, persons dealing .with the agent should examine his authority" (Civil Code of 1910, § 3595; *Baldwin Fertilizer Co.* v. *Thompson,* 106 *Ga.* 480 (1) (32 S. E. 591) ; *Americus Oil Co.* v. *Gurr,* 114 *Ga.* 624 (3) (40 S. E. 780); *Southern Ry. Co.* v. *Grant,* 136 *Ga.* 303 (2, 2a) (71 S. E. 422, Ann. Cas. 1912C, 472) ), but the very contract which the defendants signed expressly provided that "no representations or agreements made by an agent or any other person, not included herein, shall be binding." In *Littleton* v. *Loan &c. Asso.,* 97 *Ga.* 172 (25 S. E. 826), the 1st headnote is as follows: "One who deals with a special agent, knowing at the time the limits within which the agent, under the terms of his appointment, has authority to bind his principal, is bound to act with reference to this knowledge, and can not hold the principal liable for loss occasioned by acts of the agent in excess of, or contrary to, the latter's authority in the premises." See *Inman* v. *Crawford,* 116 *Ga.* 63 (2) (42 S. E. 473). Should we concede that the alleged agent was authorized to collect for his principal (which we do not), he would not, with-

out express authority to do so, be authorized to accept articles of merchandise in settlement of the account of his principal. Citing a number of cases to support the proposition, Mr. Justice Lewis, in *Walton Guano Co.* v. *McCall,* 111 *Ga.* 116 (36 S. E. 470), said: "As a general rule a special agent or attorney to collect a debt is not authorized to receive anything as a payment thereon except actual cash." See *Murray* v. *Walker,* 44 *Ga.* 58 (1). It can not be seriously insisted that the plaintiff, by retaining the old machine, ratified the act of Clary, for there is no evidence that the plaintiff knew that Clary had taken possession of it. It seems to us that it is clearly established by the evidence that Clary exceeded his authority in making the alleged agreement to take the old adding machine as a part payment on the new one, and that the writing signed by the defendants put them on notice that he had no such authority; and therefore the plaintiff company was not bound by his alleged agreement to take the old machine.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*