22062. BURNETT *v.* JOHNSTON, administratrix.

DECIDED SEPTEMBER 20, 1932.

*W. H. Terrell,* for plaintiff in error.

*Hewitt W. Chambers, Robert B. Troutman,* contra.

JENKINS, P. J. This was a motion to set aside a judgment rendered in the superior court on appeal from the DeKalb county division of the municipal court of Atlanta. The grounds of the motion are that a certain sum of money, less than the amount involved in the suit, which had been paid into the municipal court by the defendant as a tender of settlement, was accepted by counsel for the plaintiff, and that this fact was unknown by the defendant until after the rendition of the judgment in the superior court. The plaintiff, on the hearing of the motion, contended that the fund paid into the municipal court was refused by the plaintiff, but was thereafter paid over by the judge of the municipal court, who was about to retire from office, to counsel for the plaintiff, who agreed merely to become the custodian of the fund to accommodate the judge. The judge of the superior court overruled the motion to set aside, and the defendant excepted.

■ "Without special authority, attorneys can not receive anything in discharge of a client's claim but the full amount in cash." Civil Code (1910), § 4956. The mere acceptance by the attorney for the plaintiff, in a pending suit, of a sum less than the amount sued for would not raise a presumption that such a settlement was authorized by the plaintiff, although the settlement might be good pro tanto (*Patterson* v. *Southern Ry. Co.,* 41 *Ga. App.* 94, 151 S. E. 818) ; and in default of any proof going to show that the settlement was authorized by the attorney's client, it would not be bind-

ing. *Evans* v. *Atlantic National Bank of Jacksonville,* 147 *Ga.* 621 (95 S. E. 219); *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123); *Patterson* v. *Georgia Gravel Co.,* 151 *Ga.* 813 (108 S. E. 237); *Johnson* v. *Starr Piano Co.,* 27 *Ga. App.* 425 (108 S. E. 811).

■ Pretermitting any adjudication upon the question whether the motion to set aside, which was not based upon unamendable defects appearing upon the face of the record, might have been fatally defective in that it was in purpose and effect a motion for a new trial and failed to comply with the rules governing such motions, in that it was not accompanied by a brief of the evidence (*Grogan* v. *Deraney,* 38 *Ga. App.* 287, 289, 143 S. E. 912), since there was no allegation in the motion, or proof offered on the trial, from which the trial judge could have found that the plaintiff had consented to the settlement of the case by the attorney for a less sum than the amount sued for, the judge did not err in overruling the motion to set aside. Moreover, the judge was authorized to find from the evidence submitted, without reference to that objected to as irrelevant and immaterial, that the attorney for the plaintiff had not accepted the sum tendered as in full settlement.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*