### 28221. SMITH v. THE STATE.

DECIDED APRIL 9, 1940.

*W. L. Nix, D. B. Phillips,* for plaintiff in error.

*Hope D. Stark, solicitor-general,* contra.

GUERRY, J. The defendant was convicted of cow-stealing. As is provided in the Code, § 59-716, a juror related to any party interested in the result of the case, within the sixth degree as computed by the civil law, is disqualified to serve in the trial of the case. In the present case objection was made to two jurors, on the ground that the grandmother of the owner of the cow alleged to have been stolen was a sister of the grandfather of the jurors. This objection was overruled, and the jurors were allowed to serve. We think these jurors were related within the sixth degree to an interested party, and were disqualified. The civil law, as referred to in the Code, § 59-716, means that the reckoning is to be taken from one of the persons up to the common ancestor, and then down again to the other person. See diagram in *Smith* v. *State, 2 Ga. App.* 574, 576 (59 S. E. 311) ; *Ethridge* v. *State, 163 Ga.* 186 (136 S. E. 72). The prosecutor and the jurors were third cousins, under the admitted relationship, and under the rules were related within the sixth degree. However, the ruling by the trial court will not necessarily be cause for a reversal of the judgment. As was said in *Ethridge* v. *State,* supra, it must be shown that such ruling caused injury to the plaintiff in error, or resulted in advantage to the State; and where it is not shown that the plaintiff in error had exhausted his strikes, or that the State was benefited, it is not cause for a new trial. It becomes harmless error. *Felker* v. *Johnson,* 53 *Ga. App.* 390, 395 (186 S. E. 144), and cit. It does not appear from the record in this case that the defendant had exhausted his strikes. The evidence supported the verdict and the remaining assignments of error are without merit.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*