## 34794. KENNEDY v. THE STATE.

TOWNSEND, J. "Where, after verdict, a juror is attacked as being disqualified by reason of relationship to the prosecutor, it is essential for the accused and his counsel to establish that neither knew of the relationship, nor could it have been discovered by the exercise of ordinary diligence, prior to the rendition of the verdict." *Williams* v. *State*, 206 *Ga.* 107(2) 110 (55 S. E. 2d 589). Accordingly, where, as here, a new trial is sought by reason of the fact that one of the jurors was related by affinity in the sixth degree to the prosecutrix and was therefore ineligible to serve (Code § 59-716), which fact is set forth in affidavits attached to the amended motion for new trial, but it further appears, from the certificate of the trial judge approving certain portions of the amended motion for new trial and disapproving others, that the defendant's counsel first learned of the disqualification immediately after the verdict and at once informed the court of this fact, and the court thereupon at once "questioned the defendant as to when he discovered that the juror was related to the prosecutor, and he informed the court that [it was] while the jury was in the box," the defendant had actual knowledge of the relationship prior to the rendition of a verdict. To keep silent and take one's chances on acquittal under these circumstances amounts to a waiver of the right to complain of the disqualification of the juror, and will not work a reversal of the case. See also *Lampkin* v. *State*, 87 *Ga.* 516(7) (13 S. E. 523); *Williams* v. *State*, supra.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 19, 1953.

*Frank B. Stow, Robert E. Andrews,* for plaintiff in error.

*Jeff C. Wayne, Solicitor-General, Telford, Wayne & Smith,* contra.

H. L. Kennedy was tried and convicted in the Superior Court of Hall County of abandonment. After conviction he filed a motion for new trial which was amended by certain special grounds, complaining that the conviction was illegal because of relationship within the prohibited degree between one of the jurors and the prosecutrix. The general grounds of the motion for new trial are expressly abandoned.