## 36276. JENNINGS *v.* AUTRY.

CARLISLE, J. 1. The great-grandsons of a common ancestor are, under the civil law, related within the sixth degree. *Smith* v. *State,* 62 *Ga. App.* 494 (8 S. E. 2d 663), and cit.

2. As provided by Code § 59-716, a juror, related by consanguinity or affinity to any party interested in the result of the case, within the sixth degree, as computed by the civil law, is disqualified to serve in the trial of the case.

3. Such disqualification of such a juror, however, will not result in the grant of a new trial unless it is shown that the movant was injured by such a disqualified juror's serving upon the jury or that his opponent was benefited thereby. *Felker* v. *Johnson,* 53 *Ga. App.* 390, 395 (186 S. E. 144), and cit.; *Ethridge* v. *State,* 163 *Ga.* 186 (136 S. E. 72).

4. Such disqualification of such a juror may, however, be expressly or impliedly waived, and if the disqualification be expressly or impliedly waived, it will be conclusively presumed that the movant was not harmed nor his opponent benefited by such disqualification. *Lampkin* v. *State,* 87 *Ga.* 516 (13 S. E. 523); *Fairburn Supply Co.* v. *Crumbley-Sharp Hardware Co.,* 32 *Ga. App.* 520 (124 S. E. 67); *Boatright* v. *State,* 51 *Ga. App.* 80 (179 S. E. 740).

5. Where, after verdict, a juror is attacked as being disqualified by reason of his relationship to the plaintiff, it is essential for the movant and his counsel to establish that neither knew of the relationship, nor could it have been discerned by the exercise of ordinary diligence, for if either knew or had reason to suspect the relationship, and remained silent, the movant will be presumed to have waived the disqualification. *Williams* v. *State,* 206 *Ga.* 107 (2) (55 S. E. 2d 589), and cit.; *Kennedy* v. *State,* 88 *Ga. App.* 749 (77 S. E. 2d 778).

6. By the terms of Code (Ann. Supp.) § 59-705 (Ga. L. 1951, pp. 214, 215), it is provided: "In all civil cases it shall be good cause of challenge that a juror has expressed an opinion as to which party ought to prevail, or

that he has a wish or desire as to which shall succeed. Upon challenge made by either party upon either of these grounds it shall be the duty of the court to hear such competent evidence respecting the challenge as shall be submitted by either party, the juror being a competent witness, and the court shall determine the challenge according to the opinion it entertains of the evidence adduced thereon. In all civil causes the parties thereto, shall have the right to an individual examination of the panel of jurors from which the jury is to be selected, without interposing any challenge. . . Such examination shall be conducted after the administration of a preliminary oath to the panel, or in criminal cases, after the usual voir dire questions have been put by the court, and in such examination, the counsel for either party shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the *relationship,* or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias, which the juror might have respecting the subject matter of the suit, or counsel or parties thereto, and religious, social, and fraternal connections of the juror." (Emphasis supplied.)

7. On the question of diligence, the Supreme Court in *Moore* v. *Farmers' Mutual Ins. Assn.,* 107 *Ga.* 199, 209 (33 S. E. 65), had this to say: "When parties to a case announce ready for trial, it is the duty of the court, if the case is one to be tried by a jury, to furnish a panel of jurors composed of persons competent to sit as jurors in the case. When parties are furnished with a list of the jury, it is their duty, if they know that any of the jurors are disqualified, to call attention to the same, or the disqualification will be held to have been waived. If they have reasonable grounds to suspect that any of the jurors are disqualified, it is their duty to call attention to the fact, so that due inquiry may be made of the panel. Further than this they are not required to go. Due diligence requires no more than this." But, by the terms of Code (Ann. Supp.) § 59-705, counsel in a given case are allowed, before making any challenge to examine each member of the panel "touching any matter or thing which would illustrate any interest of the juror in the cause, including any opinion as to which party ought to prevail, the *relationship,* or acquaintance of the juror with the parties . . .", and upon challenge, it is the duty of the court to hear such competent evidence respecting the challenge as shall be submitted by either party. This provision of the Code varies the prior procedure on the subject of striking juries in civil cases. *Keebler* v. *Willard,* 90 *Ga. App.* 66 (81 S. E. 2d 842).

8. Under an application of the foregoing rules of law to the facts of the instant case, the defendant, by his failure to exercise that degree of diligence required of him by the law, waived the disqualification of the juror related to the plaintiff within the sixth degree, as computed by the civil law; and, having waived the disqualification, it cannot be said that he was harmed thereby or his opponent benefited, and the trial court did not abuse its discretion in denying the motion for a new trial based solely upon the disqualification of a juror. The disqualified juror was

346

not individually examined or challenged for favor, and having not been challenged no evidence was adduced before the trial judge on the question of why the plaintiff suspected the relationship; nor does it appear that a timely investigation of the plaintiff's suspicions of relationship with the juror would not have as readily revealed the fact of the relationship before verdict as it did afterwards. It was immaterial whether the juror knew of the relationship or not.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED SEPTEMBER 20, 1956.

*Thomas A. Clark, Dykes, Dykes & Marshall,* for plaintiff in error.

*J. Frank Myers,* contra.