## 41318. ROYAL OIL COMPANY, INC. v. HOOKS.

FRANKUM, Judge. ■ The allegations of the defendant's amended answer that the plaintiff oil company dealt with the defendant only through the company's named agent and that the plaintiff "by the acts of its agent" breached the terms of the contract for the sale of merchandise sued on was sufficient as against a general demurrer to show the authority of the alleged agent to act for the plaintiff with reference to the particular transaction referred to in the answer. *Conney v. Atlantic Greyhound Corp.*, 81 Ga. App. 324 (1), 328 (58 SE2d 559). Assuming that such allegations would be vulnerable to the attack of a proper special demurrer, the plaintiff's ground of demurrer attacking such allegations merely on the ground that they fail to show that the alleged agent of the plaintiff was acting within the scope of his authority, if it be treated as a special demurrer, was insufficient to require a decision on the sufficiency of the allegations of the answer because it failed to lay its finger, so to speak, on the very point, and being a special demurrer and itself a critic did not point out plainly and distinctly the defects in the pleading which it attacked. Thus, it was not itself free from imperfection as particularly required of special demurrers. *Douglas A. &c. R. Co. v. Swindle*, 2 Ga. App. 550 (59 SE 600); *Martin v. Gurley*, 74 Ga. App. 642 (1) (40 SE2d 787); *Central of Ga. R. Co. v. Sharpe*, 83 Ga. App. 12 (3), 22 (62 SE2d 427).

■ Where, however, upon the trial of the case it appeared that the alleged agent was no more than a mere sales agent, this was not sufficient to show that he had apparent authority to act for the company in rescinding a prior sales contract entered into with the defendant nor to accept a return of the goods on behalf of the plaintiff company. *Kaiser v. Hancock*, 106 Ga. 217 (32 SE 123); *Dannenberg Co. v. Hughes*, 30 Ga. App. 83, 85 (116 SE 892); *Morgan v. Weil Co.*, 31 Ga. App. 611 (2) (121 SE 793); *Quillian & Bros. v. Wales Adding Machine Co.*, 34 Ga. App. 135 (128 SE 698); *Silver v. Crescent Hat Co.*, 61 Ga. App. 81 (5 SE2d 593). Therefore, testimony as to the statements of such alleged agent made to the plaintiff respecting the return of merchandise previously sold by the agent to the defendant was merely hearsay and should have been excluded upon timely objection thereto, unless a proper foundation was first laid showing the agent's

authority to act for the plaintiff company in this respect. *Sweet Water Mfg. Co. v. Glover*, 29 Ga. 399; *Amicalola Marble &c. Co. v. Coker*, 111 Ga. 872 (36 SE 950); *National Bldg. Assn. v. Quin*, 120 Ga. 358, 363 (2) (47 SE 962); *Aripeka Saw Mills v. Ga. Supply Co.*, 143 Ga. 210 (1) (84 SE 455); *Baker v. Lowe Electric Co.*, 47 Ga. App. 259 (3) (170 SE 337).

■ The evidence admitted over objection as complained of in the special ground of the motion for a new trial, being hearsay, was wholly without probative value. *Nesbit v. State*, 71 Ga. App. 744 (1) (32 SE2d 207); *Brown v. Gerrell*, 78 Ga. App. 746 (52 SE2d 503). The evidence otherwise would have demanded a finding for the plaintiff. If, upon the retrial of the case, the evidence is no different, a verdict and judgment for the plaintiff would be demanded.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*

SUBMITTED MAY 5, 1965—DECIDED JUNE 7, 1965.

*Casey Thigpen,* for plaintiff in error.
*M. W. Dukes,* contra.