63752. VINING v. THE STATE.

BANKE, Judge.

The appellant was indicted for two counts of aggravated assault, the first charging that he assaulted Jessie Mae Vining with a pistol and the second that he assaulted Shelton Williams with a pistol. He was acquitted on the first count but found guilty of the second.

Jessie Mae Vining had previously been married to the appellant, and she remarried him between the time of the shooting and the time of trial. Shelton Williams testified that he was visiting Mrs. Vining in her trailer on the night of September 9, 1980, when the appellant appeared and inquired, "What in the hell are you doing here?" Evidently dissatisfied with Williams' response, the appellant produced a pistol and shot Williams. Although Mrs. Vining was also shot, she testified for the defense, stating that she received her wound accidentally as she was attempting to remove the pistol from her husband's hand.

The state offered into evidence copies of two divorce complaints which Mrs. Vining had filed and dismissed during her previous marriage to the appellant. These pleadings contained allegations that the appellant had threatened and beaten her on occasion. Most of the appellant's enumerations of error in this appeal are concerned with the state's use of these documents. *Held:*

1. In his first enumeration of error, the appellant contends that the court erred in allowing the state to use the divorce pleadings in cross examining Mrs. Vining. However, it does not appear from the transcript that the state ever questioned Mrs. Vining about the allegations contained in the pleadings. This enumeration of error is accordingly without merit.

2. In his second enumeration of error, the appellant contends that the court erred in allowing the state to use the pleadings during his own cross examination. However, defense counsel objected to this questioning solely on the ground that it was "improper." "[T]he trial court does not err in overruling an objection made on nonspecific grounds and not made with that degree of particularity sufficient to point out the specific rule of evidence violated. *Hudson v. Miller,* 142 Ga. App. 331 (1) (235 SE2d 773)." *Garrett v. State,* 153 Ga. App. 366, 367 (2) (265 SE2d 304) (1980).

3. The third enumeration concerns the admission of the documents themselves into evidence. It appears from the transcript that although the court admitted the complaints, he did not allow them to go out with the jury. This action could not have been harmful to the appellant.

4. In his fourth enumeration of error, the appellant contends that the court erred in failing to grant a mistrial when the district attorney referred to allegations contained in the complaints during his closing argument. The court responded to the appellant's objection and motion for mistrial by instructing the district attorney that he could not refer to anything not brought out on the witness stand and that he could not refer to any paper other than his own notes. As the appellant did not renew his motion for mistrial and did not make any request for further curative instructions, the trial court did not err in failing to declare a mistrial. See *Redd v. State,* 141 Ga. App. 888, 892 (7) (234 SE2d 812) (1977).

5. In his final enumeration of error, the appellant contends that the trial court erred in allowing a juror to serve who was disqualified pursuant to Code Ann. § 59-716 because he was related to Shelton Williams within the sixth degree. The appellant testified at the hearing on his motion for new trial that he first learned of this relationship while the jury was out, yet failed to inform his counsel until two days later, after he had been found guilty. There is no indication that the court was aware of the problem prior to or during the trial. Where a defendant has actual knowledge prior to the rendition of the verdict that such a relationship exists and keeps silent, the disqualification is not ground for reversal. *Kennedy v. State,* 88 Ga. App. 749 (77 SE2d 778) (1953).

*Judgment affirmed. McMurray, P.J., and Birdsong, J., concur.*

DECIDED APRIL 16, 1982 —
REHEARING DENIED MAY 12, 1982 —

*Dewey Hayes, Jr., George Hoyt,* for appellant.
*C. Deen Strickland, District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.