## SINGER *v.* SANTA PAULA COMMERCIAL COMPANY.

A suit to recover for a shipment of only a part of the goods ordered and sold (a quantity of walnuts) upon a contract signed by the seller and the purchaser, containing the stipulation that, "Owing to impossibility to estimate quantity of Number 1 hard-shell grade or either of the second grades which will be produced, rendering it impracticable to agree as to prorating these grades, it is understood that all orders for Number 1 hard-shell, Number 2 hard-shell, and Number 2 soft-shell walnuts are conditional and to be accepted provided available at the time the Number 1 soft-shell variety is shipped" (all of the walnuts ordered falling within the grades referred to in the part of the writing quoted), was demurrable, it appearing that the defendant declined to receive the part of the order shipped; for, whether the stipulation that "all orders are conditional and to be accepted provided available" means that it was absolutely optional with the seller to fill the orders, he being the judge as to whether the walnuts ordered were available or not, or whether the quoted stipulation should be construed as meaning that if' the goods ordered were "available" the seller was bound to fill the order, the seller could not, by only partially filling the order and delivering a part of the goods ordered, upon a refusal by the purchaser to accept the goods shipped in partial fulfilment of the order, recover the value of the goods so shipped.

　　　　　　　　　　JULY 21, 1913.

　　Action for breach of contract. Before Judge Bell. Fulton superior court. April 26, 1912.

　　The suit was to recover $601.75, which it was alleged the plaintiff had lost in consequence of the refusal of the defendant to take a shipment of 120 sacks of walnuts valued at $1,695.04. After having endeavored to induce the defendant to take the nuts which it is insisted he was bound to take under the terms of a contract hereafter set forth, and after due notice to the defendant, the plaintiff sold the nuts for $1,093.29. The contract upon which the suit is predicated, so far as material to the issues involved, is as follows:

"Santa Paula, Cal., Sept. 21, 07.

"H. L. Singer, Atlanta, Ga. (Buyers) have this day bought and the Santa Paula Commercial Company (a corporation) has sold the following quantities of walnuts to be packed in bags of about 100 pounds each, at the prices herein named:

Sacks California No. 1, soft-shell walnuts at      per lb.
50 Sacks    "        "   2,  "    "       "     " 12
75    "       "        "   1, hard "       "     " 14½
50    "       "        "   2,  "    "       "     " 11½

"Pacific weights as per terms and conditions herein stated, to be delivered. F. O. B. Common Shipping Point, California, Crop of 1907. Terms, net cash, sight draft with bill of lading attached, draft to be held pending arrival and inspection of shipment. Quality—good average of the section where grown, season stated, and Association's grading or equal.

1. "All sales are based on estimate of the season's crop for the Number 1 soft-shell grade; and in the event of the crop falling short from any cause, delivery will be made proportionately or in filled orders in hand when shortage is ascertained.

2. "Other grades—Owing to impossibility to estimate quantity of Number 1 hard-shell grade or either of the second grades which will be produced, rendering it impracticable to agree as to prorating these grades, it is understood that all orders for Number 1 hard-shell, Number 2 hard-shell, and Number 2 soft-shell walnuts are conditional and to be accepted provided available at the time the Number 1 soft-shell variety is shipped.

3. "Owing to crops usually furnishing at least 10 per cent. of Number 2 soft-shell variety, it is agreed by buyers that seller has the option of including in deliveries nuts of this grade up to 10 per cent. of entire shipment. If seller is enabled to obtain orders for a considerable quantity of Number 2 soft-shell walnuts, it will not avail itself of its option of shipping 10 per cent. of this grade to buyers, preferring that same should be omitted."

The foregoing paragraphs are numbered for convenience of reference in the opinion. The shipments alleged to have been made were as follows: 20 sacks of California No. 2 soft-shell walnuts, at 12 cents per pound, amounting to $282.60; 50 sacks of California No. 1 hard-shell walnuts, at 14½ cents per pound, amounting to $787.64; 50 sacks of California No. 2 soft-shell walnuts, at 11¾ cents per pound, amounting to $624.80.

The defendant demurred on the grounds that the petition set forth no cause of action, that it showed on its face that the plaintiff had not fulfilled the terms of this contract, and further that the contract sued upon was void for want of consideration and for lack of mutuality. The court overruled the demurrer, and the defendant excepted.

*Robert C. & Philip H. Alston,* for plaintiff in error.

*Hamilton Douglas* and *C. B. Reynolds,* contra.

BECK, J. (After stating the foregoing facts.) Paragraph 1 of the contract relates to the sale of walnuts classified as "Number 1 soft-shell grade." No walnuts of this grade were ordered. No part of that paragraph qualified the portions of the contract contained in paragraph 2 or paragraph 3; and we can not agree with the contention that paragraph 2 of the contract should be read in the light of paragraph 1. There is nothing in the wording of paragraph 2 or paragraph 3 which makes the construction of the terms of either of these paragraphs depend upon the interpretation of the terms of the other; but on the other hand, if we make the expression contained in paragraph 1, "All sales are based on estimate of the season's crop for the Number 1 soft-shell grade," apply to the next two paragraphs, the contract becomes unintelligible. Counsel for the defendant in error advances the suggestion that paragraph 2 should be construed together with paragraph 1, and that thus construed the contract means that "at the time when disposing of the crop of 1907 shipments were made of No. 1 soft-shell, at that time, defendant in error had the right to ship all or any part of orders on hand for grades falling under proviso No. 2." This construction is not sound; because in paragraph 2 stipulations are made which authorize the seller to fill orders for the grades referred to in paragraph 2 independently of any of the stipulations which are contained in paragraph 1, it being expressly provided in paragraph 2 that "all orders for Number 1 hard-shell, Number 2 hard-shell, and Number 2 soft-shell walnuts are conditional and to be accepted provided available at the time the Number 1 soft-shell variety is shipped." Under this proviso it was declared that the seller was not bound to ship any part of the order falling under the grades mentioned in paragraph 2 of the contract, unless they were "available at the time the Number 1 soft-shell variety is shipped." And the reference in paragraph 2

to "the time the Number 1 soft-shell variety is shipped" does not have the effect of making the stipulations in paragraph 1 in reference to the last-mentioned grade in any way qualify the stipulations in the other paragraphs pertaining to any other grades. The only effect of the proviso in paragraph 3 was to give the seller the privilege of substituting as much as 10 per cent. of the Number 2 soft-shell grade in any other grade order; and it did not bind him to do that or anything else. If there is to be found any binding obligation under this so-called contract upon the seller, it is to be found in "paragraph 2." Under the stipulations in paragraph 2, that "it is understood that all orders for Number 1 hard-shell, Number 2 hard-shell, and Number 2 soft-shell walnuts are conditional and to be accepted provided available at the time the Number 1 soft-shell variety is shipped," either the seller had the privilege and option, in the first place, of shipping the entire amount of each grade ordered or of not making any shipment at all, or, in the second place, the stipulation quoted meant that if the grades ordered were "available," the seller was bound to fill the order. But whether the first or the second construction is placed upon this paragraph of the contract, and in that paragraph is embraced all of the grades ordered, the seller could not, under the first construction, by shipping a part of the order, supply the consideration so as to give the contract the element of mutuality which was wanting at the time of its execution, if the contract meant that it was absolutely in the power of the seller to ship or not, he being the judge of whether the grades mentioned were available or not. Or, if the second construction is placed upon it, that the seller was bound to ship if available, still we do not think that he could, by a partial shipment, fulfill his obligation under the contract. If the walnuts were available, he was bound to fill the order as given; if not available, then he was not bound; and if he attempted to fulfill his obligations under the contract by sending less than the entire order, the purchaser was not bound to receive it. Consequently, it appearing that the seller had shipped and offered to deliver only a part of the quantity of walnuts ordered, he was not entitled, upon a refusal by the purchaser to accept his partial filling of the order, to recover.

*Judgment reversed. All the Justices concur.*