13092.   BUSH *v.* AMERICAN MILLS COMPANY.

The petition in this case — an action for the price of goods which it was alleged the defendant ordered from the plaintiff but afterwards refused to permit the plaintiff to ship — was not demurrable on the ground that the statute of frauds was not complied with and that no fact was alleged that would take the case out of the statute; nor was it subject to any other ground of demurrer urged.

DECIDED MARCH 7, 1922.

Complaint; from Morgan superior court — Judge Munro.   November 5, 1921.

The action was for the price of goods which it was alleged the defendant ordered but afterwards refused to permit the plaintiff to ship.   The ground of demurrer specifically relied on in the demurrant's brief in this court was that compliance with the statute of frauds was not shown by the petition, and that no fact was alleged that would take the case out of the statute.   From the petition it appears that the alleged orders were written in duplicate forms signed only by initials of the plaintiff's " representative," who it was alleged sold the goods, and were for a total of 100 coils of " 5/16 Bagdad Cot. Rope, price 49-½; " that the goods were ordered May 24, 1920, to be sent in two shipments of 50 coils each, one on October 30 and the other on November 30, 1920; that receipt of the orders was acknowledged in writing by the plaintiff on June 6, 1920, and that on the 8th and 10th of October,

1920, the defendant addressed to the plaintiff letters which it was alleged referred to these orders, the first requesting cancellation, and the second stating that the defendant was compelled to cancel and would not receive the rope if shipped. It is alleged that the defendant declined to cancel the orders. It is alleged also that "the acknowledgment . . in writing of said orders . . by the defendant in seeking a cancellation of the same became and was a contract between petitioner and the defendant whereby petitioner contracted to sell to the defendant and the defendant contracted to buy from petitioner 100 coils of 5/16 inch Bagdad cotton rope at and for the price of 49-½ cents per pound," etc. The defendant contended that the orders were not identified by these letters and that an essential element of a contract of sale — the price — was not fixed in writing, no price being mentioned in the letters, and the price figures "49-½," without the word "cents," or any other indication of their meaning, not being sufficient to show that they meant 49-½ cents per pound as alleged.

By amendment the plaintiff alleged that no verbal or written order other than those mentioned was given to it by the defendant, and set out the plaintiff's letter to the defendant, stating that the defendant's "order for 100 tubes Bagdad cotton rope has been entered. Shipments to be made as near as possible to the dates specified in your order for 50 tubes at a time." It was further alleged that according to the universal custom and usage of the business of buying and selling rope, in which the plaintiff and defendant were engaged, the phrases "coils of cotton rope" and "tubes of cotton rope" meant the same thing; that according to the universal custom and usage of the business, rope was bought and sold by the pound, and where a figure was placed beneath or alongside the word "price," it represented the price in cents per pound, and a coil or tube of rope meant a coil or tube varying in weight from 20 to 35 pounds; and that the custom and usage in each of the particulars stated was known to both plaintiff and defendant and became a part of the contract; that the coils of rope ordered by the defendant had an average weight per coil of 24.61 pounds and an aggregate weight of 2,461 pounds. It was alleged that, the defendant having refused to permit a shipments of the goods after the purchase thereof, and having notified the plaintiff

that the goods would not be accepted if shipped, and the goods having been stored as the property of the defendant, the defendant became indebted to the plaintiff in a stated sum (for the quantity stated above, at the price stated), for which the plaintiff prayed judgment.

A copy of one of the orders attached to the petition as exhibits (which were identical except as to date of shipment) is as follows:

American Mills Company, Economy Products.

Atlanta, Georgia, U. S. A., 5/24/1920.

Please enter our order and ship as follows:

To C. P. Bush Hdwe. Co., Columbus, Ga.

| Quantity. | Article. | Price. |
|---|---|---|
| 50 coils | 5/16 Bagdad Cot. Rope | 49½ |

Ship Oct. 30, less Frt.

Seller's responsibility ceases on delivery to transportation company, whether sold f. o. b. shipping point or delivered. Delivery as near date specified as possible. Unless otherwise provided goods are sold f. o. b. shipping point. This order not subject to countermand. Seller's willingness to tender f. o. b. any unspecified quantities on delivery date shall be a fulfillment of his contract and purchase price shall be due with addition of subsequent accrued charges. Subject to acceptance at home office. Atlanta, Ga. Each invoice to stand as a separate sale. This agreement expressing the entire contract between parties.

Sold by A.A.B.

The material parts of the defendant's letter were as follows:

"You have our order on file for 100 coils 5/16 cotton rope, one-half to be shipped October 30th and the other to be shipped November 30th. Owing to the failure of the cotton crop in this section, we will be unable to use this rope, and request that you cancel and acknowledge receipt."

"In reply to yours of the 12th, regarding the 100 coils of 5/16 rope we canceled. . . This privilege of cancellation we always reserve, as same as you do. . . We are compelled to cancel and positively will not receive the rope if shipped."

The demurrer contained, in addition to the contentions stated above, a special ground that the name of the alleged representative of the plaintiff was not given, and grounds attacking various allegations as being mere conclusions of the pleader.

*A. W. Cozart, B. H. Chappell,* for plaintiff in error, cited: Civil Code (1910), § 3222, par. 7; 100 *Ga.* 645, 649; 125 *Ga.* 198; 118 *Ga.* 541; 5 *Ga. App.* 436 (distinguished).

*Battle & Arnold,* contra, cited: 29 *Ga.* 294; 95 *Ga.* 426; 73 *Ga.* 400; 5 *Ga. App.* 436; 4 *Ga. App.* 344; 7 *Ga. App.* 787; 2 *Ga. App.* 789; 115 *Ga.* 408; 14 *Ga. App.* 515; 118 *Ga.* 541; 23 *Ga. App.* 135; 108 *Ga.* 242; 17 C. J. 450 (sec. 9), 503 (sec. 66); 100 *Ga.* 645 (distinguished).

BROYLES, C. J.  The petition as amended was not subject to any of the demurrers, general or special, interposed, and the court did not err in overruling the demurrers.

*Judgment affirmed.  Luke and Bloodworth, JJ., concur.*