## 13834.   DANNENBERG COMPANY *v.* HUGHES.

A traveling salesman is a special agent whose authority is presumed to be limited to taking orders to be transmitted to his principal for acceptance.

Where a traveling salesman took an unsigned order for a certain stock of goods, which he was authorized to take only upon the condition that the order was not to be filled if it should be found that the goods were already disposed of, and where the principal, after receipt of the order, shipped a part of the goods, at the same time stating in a letter to the customer that the shipment covered all goods ordered that had not been previously disposed of, and the goods shipped were retained by the customer, and the principal afterwards sued the customer for the price of the goods shipped as fixed in the order, and the defendant sought to defeat a recovery by setting up damage oc-

casioned by failure to ship the remainder of the goods ordered, and on the trial the foregoing facts appeared in evidence, and it was testified on the part of the plaintiff that the salesman, at the time of taking the order, informed the defendant of the condition stated above, and took the order subject to the condition, although this was denied in the defendant's testimony, a verdict in favor of the plaintiff for the amount sued for was authorized.

There was no prejudicial error in either of the excerpts from the charge to which exception is taken

DECIDED MARCH 17, 1923.

Complaint; from city court of Macon — Judge Gunn. June 14, 1922.

This was a suit by a vendor for the purchase-price of goods furnished to and accepted by the defendant on an unsigned order taken by the plaintiff's traveling salesman, in which the defendant sought to defeat a recovery by setting up damage occasioned by the plaintiff's failure to ship a portion of the goods included in the order, but not included in the seller's acceptance of the order. The evidence is undisputed that the person taking the order was one of a number of salesmen employed by the seller to dispose of a particular bankrupt stock. Except that the salesman was thus helping to dispose of a particular bankrupt stock, there was no evidence that he held himself out in any other way than as a traveling salesman or drummer. The manager of the plaintiff's business testified that the salesman was without authority to do more than receive and transmit orders. The salesman himself testified to the effect that he was unauthorized to sell the goods of the particular bankrupt stock, except upon the condition that the goods included in the order happened to be undisposed of when the order was received by the plaintiff. According to the evidence of the salesman, he informed the defendant of such condition when he took the order, and that he took it conditionally upon the particular goods not having been previously disposed of. According to the defendant's evidence, the unsigned order was taken without any such statement being made; but there is no evidence going to show that the plaintiff was aware at the time of her partial acceptance of the order that her agent had attempted to enter upon an unconditional contract of purchase and sale. It is undisputed, that, upon the order being received by the plaintiff, she notified the defendant by letter dated March 20 that she would check up the stock with a view of filling the order to the

extent of the goods remaining undisposed of. The defendant, prior to its receipt of this notice from the plaintiff, and by a letter bearing the same date, called upon her to make immediate shipment of all the goods included in the order. Without reply from either party to these letters, which must have crossed in the mails, the plaintiff on March 23 appears to have mailed to the defendant an invoice covering the accepted portion of the goods embraced in the order. On March 24 the defendant acknowledged receipt of the invoice and called for shipment of the missing articles. The plaintiff had on the same date written to the defendant, enclosing bill of lading, and stated that the shipment as made covered all merchandise included in the order not previouly disposed of. It thus appears that the defendant received, accepted, and retained the partial shipment, not with the expectation that the shipment would be thereafter completed, according to its contention as to the contract, but with full knowledge that the goods were tendered by the plaintiff as in full performance of her obligation. A verdict was rendered in favor of the plaintiff, in the amount sued for. The defendant excepts to the overruling of its motion for new trial, based upon the general grounds and upon alleged erroneous excerpts from the charge of the court.

*Jones, Park & Johnston,* for plaintiff in error.

*Dasher & Mann, P. F. Brock,* contra.

JENKINS, P. J. (After stating the foregoing facts.) A traveling salesman is a special agent whose authority is presumed to be limited to taking and receiving orders to be transmitted to his principal for acceptance. *Brandenstein* v. *Douglas,* 105 *Ga.* 845 (32 S. E. 341); *Cable Co.* v. *Hancock,* 2 *Ga. App.* 73, 74 (58 S. E. 319); *Hopkins* v. *Armour,* 8 *Ga. App.* 442, 444 (69 S. E. 580). The burden is upon one dealing with a special agent to show authority from his principal for any act of the agent other than such acts as are usual and incident to the due performance of the particular purpose of his agency. *Wise* v. *Mohawk Rubber Co.,* 23 *Ga. App.* 255 (98 S. E. 100). Thus, since the evidence of the plaintiff's manager and of her traveling salesman to the effect that the salesman was in fact unauthorized to enter upon an unconditional sale of the goods is undisputed, and since the evidence for the defendant fails to indicate that the plaintiff was aware, when she made a partial acceptance of the unsigned order, that

her agent had assumed any such authority or intention, and since, on the contrary, the evidence for the defendant itself fails to indicate that it dealt with the person taking the order in any other or different capacity than as a traveling salesman employed to assist in the specific task of disposing of a particular stock of goods, the taking of such unsigned order could not amount to an unconditional contract, even had the jury seen proper to accept the evidence for the defendant, denying the salesman's testimony that he took the order with the condition indicated expressly stated; nor could the partial acceptance of the order by the plaintiff bind her to fill the unaccepted portion under the principle that when an " agent exceeds his authority, the principal can not ratify in part; he must adopt the whole or none " (Civil Code of 1910, § 3593). Under none of the evidence could the plaintiff become bound without an acceptance on her part, and, in partially accepting the order, the plaintiff did not purport to ratify any portion of an unconditional sale made by her unauthorized agent, but, according to her theory and contention as to the conditional character of the order, merely exercised her expressed right to accept the order in part, according to the state of the depleted stock. But even according to the defendant's evidence that no such condition was actually expressed in connection with the taking of the order, it amounted to nothing more than an offer to purchase, until accepted, and a partial acceptance would not make the entire order binding; but, treating the order as an entire one, such partial acceptance could only have amounted to a counter offer such as the defendant purchaser might have declined. *Singer* v. *Santa Paula Commercial Co.*, 140 *Ga.* 411 (78 S. E. 1094); *Monk* v. *McDaniel*, 116 *Ga.* 108 (3), 113 (42 S. E. 360). When, upon the receipt of the defendant's order or offer, it was notified that the order would be accepted only to the extent of such goods as remained in stock, and the goods covered by such partial acceptance were thereafter shipped by the seller as in full and complete satisfaction of the order, the purchaser was bound to pay for the goods thus shipped, accepted, and retained, as a full performance of the only contract actually entered upon. There never having been a binding contract of purchase and sale for any portion of the goods included in the order save those actually shipped and accepted, it is unnecessary to determine whether, if there had been

such a contract, the acceptance by the purchaser of the goods actually shipped, with notice that such shipment was made as in full and complete satisfaction of the contract, would preclude the defendant from a recovery in damages.

The instruction to the effect that, in the event the jury should find that the agent and the defendant entered into an "unconditional contract," the defendant would have to pay for the goods actually received and accepted, was not erroneous. The other exception, taken to a certain excerpt from the charge, on the ground that it was misleading and confusing, is without merit. There have been five trials of this case, one of which resulted in a mistrial, and three of which in a verdict for the plaintiff in the amount sued for, the defendant on each occasion having been granted a new trial by the court below. The verdict rendered for the plaintiff on the trial now under review is fully authorized by the evidence.

*Judgment affirmed. Stephens and Bell, JJ., concur.*