27696. SILVER *v.* CRESCENT HAT COMPANY.

DECIDED OCTOBER 21, 1939. REHEARING DENIED NOVEMBER 15, 1939.

H. E. Coates, for plaintiff.

H. F. Lawson, Roger H. Lawson, for defendant.

FELTON, J. (After stating the foregoing facts.) The direction of the verdict was error, for the reason that there were issues of fact which should have been submitted to a jury. There was no written contract binding upon the defendant, because she did not sign it, and because no one authorized by her to do so signed it. *Friedlander* v. *Schloss,* 43 *Ga. App.* 646 (4) (159 S. E. 870). Therefore the provision in the contract that the order was not subject to cancellation was not binding on her as a contract. Neither was it notice that the agent did not have authority to contract that the order could be canceled. Ordinarily the duty and authority of a traveling salesman is to take orders subject to acceptance and approval of his principal. *Dannenberg Co.* v. *Hughes,* 30 *Ga. App.* 83 (116 S. E. 892). Under the evidence in this case the jury might or might not have inferred that the agent had the

authority to authorize cancellation, from the proved fact that the agent delivered the duplicate to the agent of the defendant when the order was taken; or that there was no written or oral notice to the defendant that the order was accepted. If approval by the principal was necessary, the jury might have found that the cancellation order amounted to a revocation of the order before notice of acceptance was given to her. If approval by the principal was necessary to complete the contract, and the defendant revoked the order before she was notified of its acceptance, it would make no difference that the plaintiff went to the trouble and expense of making the hats and putting the names in. All these issues were for the jury, and it was error to direct the verdict.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*

ON MOTION FOR REHEARING.

The defendant in error very ably and strongly urges that the attempt on the part of Mrs. Silver to cancel the order by letter is an affirmance and an adoption of a contract. If the salesman had authority to make a complete and binding contract, his signature to the order bound the plaintiff; and although the purchaser did not sign the order or contract, under the decisions of our courts the effort to cancel the order in writing would bind her, even though by such writing she sought to cancel the agreement. *Capital City Brick Co.* v. *Atlanta Ice & Coal Co.,* 5 *Ga. App.* 436 (63 S. E. 562). On the other hand, if, as is contended by the defendant in error, the salesman had no authority to make a complete contract, but had authority to submit the offer to buy to his principal for acceptance, in the absence of proof of acceptance and notice to the buyer there was no binding contract, and the effort in writing to cancel the contract was no more than the withdrawal of the offer before acceptance. It could not be an affirmance of a contract, because it would require acceptance to make the contract complete. In *Bush* v. *American Mills,* 28 *Ga. App.* 324 (111 S. E. 678), there was an acceptance of the offer before the attempt to cancel was made. That fact distinguishes that case from this one. There is no evidence in this case of an express acceptance of the order, and no evidence showing that anything else could or should constitute an acceptance. Certainly, if the plaintiff had not made the hats and had refused to deliver them if it had never accepted the order, it would not be liable for a breach of contract.

*Rehearing denied.*