31541.   GETTIER-MONTANYE INC. *v.* DAVIDSON GRANITE CO.

378

DECIDED JULY 9, 1947.

382

*Powell, Goldstein, Frazer & Murphy, James K. Rankin, Newell Edenfield,* for plaintiff.

*Robert P. McLarty, Paul H. Anderson,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ A defendant cannot raise for the first time in his brief before this court the question whether the plaintiff pursued the wrong remedy. If the plaintiff's case is subject to this criticism, the defect, if any, appears on the face of the petition. Generally, in the absence of a demurrer or motion to strike, parties to litigation have the right to prove their pleadings as laid. *Clark* v. *Bandy,* 196 *Ga.* 546 (supra).

In its reply brief the defendant insists that this is not a new question and that the same was insisted upon at the trial. The record fails to disclose any reference to this question prior to its being brought up in the briefs of the defendant in this court.

■ (a), (b) Offer and acceptance. Section 20-108 of the Code provides: "The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete; until assented to, each party may withdraw his bid or proposition."

Both parties insist that the letter attached to the amendment to the answer of the defendant did not purport to accept the offer, but was merely an acknowledgment of the same; the defendant assuming this position in one of its amendments to its answer and the plaintiff by brief. In order for an answer to an offer to amount to an acceptance so as to result in a contract it must be unconditional and identical with the terms of the offer. *Anderson* v. *Mangham,* 32 *Ga. App.* 156 (supra); *Monk* v. *McDaniel,* 116

*Ga.* 108 (supra). The letter herein referred to fails in this respect. The time of payment is one variance; the conditions under which the order may be canceled is another; there are others. Hence the letter cannot constitute such acceptance as for the order to result in a contract between the parties. But as before pointed out, neither of the parties relies upon it as such acceptance. The position of both is that it is but an acknowledgment. Therefore, since an offer, to ripen into a contract must be unequivocally accepted, this offer, if it so ripened, must have been accepted in some manner other than by the letter received by the defendant at its office, Lithonia, Ga. through the mails from the plaintiff at Baltimore, on June 7, 1943.

The offer is in writing, and if unequivocally accepted it becomes the contract. The construction of a written contract is for the court. Code, § 20-701. But whether the offer is accepted so as to become a contract may be a question for the jury. *Silver* v. *Crescent Hat Co.,* 61 *Ga. App.* 81 (5 S. E. 2d, 593). The plaintiff in this case relies upon the doing of acts contemplated by the offer to constitute acceptance. An offer may be accepted in this way. *Sheffield* v. *Whitfield,* 6 *Ga. App.* 763 (2) (supra); *Hollingsworth* v. *Peoples Bank,* 179 *Ga.* 710 (supra).

We come next to deal with the question as to whether the evidence shows that the plaintiff did any act contemplated by the order or offer which would constitute an acceptance. It must be kept in mind, as we have heretofore pointed out, that the letter acknowledging the order or offer differed with the same in several material particulars. It is written admission on the part of the plaintiff that it did not propose to do acts contemplated by the offer, or to do acts which would amount to an acceptance of the offer. It at least shows that the minds of the parties never met sufficiently to ripen the offer into one which by the doing of certain acts would amount to an acceptance of the offer as made. These acts must be done in contemplation of an unequivocal and identical compliance with the offer. See, *Anderson* v. *Mangham,* supra, and *Monk* v. *McDaniel,* supra. The evidence in this case fails to show that the acts which the plaintiff claimed to have done were being done unequivocally and unconditionally in compliance with the identical offer. Indeed, the whole evidence nega-

tives the fact that the acts were so done. This being true, the evidence demanded a finding that the offer was never accepted unequivocally, unconditionally and identically. Having reached this conclusion, the other assignments of error need not be considered.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*