1. A defendant cannot raise for the first time in his brief before this court the question whether the plaintiff pursued the wrong remedy. If the plaintiff's case is subject to this criticism, the defect, if any, appears *Page 378 
on the face of the petition. Generally, in the absence of demurrer or motion to strike, parties to litigation have the right to prove their pleadings as laid. Clark v. Bandy, 196 Ga. 546 (27 S.E.2d 17).
2. (a) In order for an answer to an offer to amount to an acceptance so as to result in a contract it must be unequivocal, unconditional and identical with the terms of the offer. Anderson v. Mangham, 32 Ga. App. 152
(123 S.E. 159); Monk v. McDaniel, 116 Ga. 108 (42 S.E. 360).
(b) An offer may be accepted by the doing of an act contemplated by the offer. Sheffield v. Whitfield, 6 Ga. App. 763
(2) (65 S.E. 807); Hollingsworth v. Peoples Bank, 179 Ga. 710 (177 S.E. 743).
 DECIDED JULY 9, 1947.
On May 16, 1944, the plaintiff brought suit against the defendant alleging that the defendant was indebted to the plaintiff in the sum of $1800 and interest thereon at the rate of 7% per annum from January 1, 1944, because on June 2, 1943, the defendant purchased from the plaintiff 1000 printed calendars and mailing tubes, agreeing to pay the defendant the sum of $860 net in January 1944; that the contract of purchase was made between Charles L. Davidson, representing the defendant and J. F. Evans, duly authorized agent of the plaintiff; that the defendant executed a purchase order and delivered the same to J. F. Evans which was mailed by said Evans to plaintiff's office in Baltimore, received and accepted June 3, 1943. On that date the plaintiff alleges that it began the execution of said purchase order; that the said merchandise was prepared and shipped from Baltimore to Lithonia, Ga. in October, 1943; that the defendant failed and refused to accept delivery thereof from the carrier and failed and refused to pay therefor, thus breaching the contract to the plaintiff's damage in the sum of $860, for which it sues praying for verdict and judgment with interest as aforesaid. Attached to the plaintiff's petition, as exhibit A, is a photostatic copy of the document referred to herein as a purchase order and admitted in the answer of the defendant to be an exact copy of the original thereof executed by Charles L. Davidson for and in behalf of the defendant. Some of the pertinent parts of the purchase order about which points are made by the parties herein are as follows: "Terms; 30 days net after shipment except that bills for calendars and greeting cards, for Christmas distribution are due and payable January *Page 379 
1st following, net." Also as follows: "There are no understandings, agreements, representations of warranties, expressed or implied, not specified herein, respecting this order or the goods above mentioned. . . This order is binding on the Osborne Company when accepted by the Company at its executive office. Notice of acceptance is hereby waived by the undersigned. . . This order cannot be canceled except with the written consent of the Osborne Company, and then only on such terms as will reimburse the Osborne Company for any expense incurred in securing this order and in preparing to carry out its part of the contract. . . In the case of installment payment, failure to pay any installment within 30 days after the due date will render the entire unpaid balance due and payable immediately. . . All prices subject to any applicable state or federal taxes now in effect or which may be hereafter imposed. . . The undersigned hereby acknowledges receipt of a true and complete copy of this instrument." Obviously the agent Evans was equipped with a blank prepared by the Osborne Company which was converted to the use of the parties hereto, "The Osborne Company" having been stricken at the top and the Gettier-Montanye Inc. having been supplied, also Clifton, N. J. having been stricken in two places and Baltimore, Md. supplied.
The defendant filed an answer denying that it is indebted to the plaintiff; admitting the execution of the order for the purchase of the merchandise; admitting copy thereto attached to the petition as exhibit A to be such; admitting delivery thereof to J. F. Evans; denying that the same was received in the Baltimore office of the plaintiff and accepted on June 3, 1943 and the beginning of the execution of the purchase order on said date; admitting its failure and refusal to accept delivery of the merchandise but denying breach of contract; admitting that the merchandise was shipped and that the defendant refused to accept and pay for it.
Further answering, the defendant alleges that at the time of the negotiations resulting in the execution of the purchase order Evans represented to Charles L. Davidson that the picture on the calendar entitled "Devotion" was a new subject and had not been used on calendars previously; that said representation was false and fraudulent; that Davidson relied thereon and placed the order; that without this representation the order would not have been *Page 380 
placed; that at the time of the execution of the order three copies were signed all being delivered to salesman Evans to be mailed to the home office with the understanding that one copy when accepted by the plaintiff would be returned to the defendant. The copy was never returned. The defendant further alleges that the order was given on June 2. On the following Saturday, June 5, Charles L. Davidson was in Griffin, Ga. and saw the identical calendar hanging in the waiting room of the railroad station with the name, "W. C. Drake Furniture Company, Buford, Ga.," printed thereon. Upon his return to his office on Monday, June 7, he found a printed, unsigned form from the plaintiff purporting to accept his order, but not enclosing a signed copy of the order, from which form is quoted as follows: "If there are any corrections to be made in advertising copy or other matter, kindly advise immediately before order is manufactured." It also contained a copy of the wording which was to be printed on the calendars with this statement. "Check spelling carefully." The defendant promptly, on the same day, namely, June 7, wired the plaintiff as follows: "Please cancel order calendars placed through your salesman, Jack Evans." The defendant had the right to cancel said order for three reasons: First, because of the fraudulent misrepresentation that the picture on the calendar was a new subject, when as a matter of fact it had been sold the previous year to the Reliance Life Insurance Company for national distribution, and to the W. C. Drake Furniture Company, at least; second, because said order was never accepted by the plaintiff prior to its cancellation; third, because of the fact that there was no consideration moving from the plaintiff to the defendant prior to its cancellation of said order.
The plaintiff filed a general demurrer to the answer on the ground that the same set forth no defense to the plaintiff's case, and eight grounds of special demurrer. Upon the hearing of the demurrers, ground 1 thereof, constituting a general demurrer was overruled, as were grounds 5, 6, 8, and 9 of the special demurrers. These grounds of special demurrer are aimed at part of the answer alleging an understanding between it and Evans that one copy of the order when accepted by the plaintiff would be returned to the defendant with its acceptance which was not done; also to that part of the answer alleging that Charles L. Davidson saw an *Page 381 
identical calendar in use in Griffin, Ga. etc.; also to that part of the answer alleging that a copy of the purchase order was not returned to the defendant because same seeks to vary a provision of exhibit A, as follows, "the undersigned hereby acknowledges receipt of a true and complete copy of this instrument," and also to that point of the answer of the defendant claiming the right to cancel the order on the ground that the same seeks to vary the provision of a written contract, are conclusions of the pleader and are irrelevant and immaterial constituting no defense to the plaintiff's cause of action.
The court overruled these grounds of the plaintiff's demurrer to the answer of the defendant, both general and special. The plaintiff excepted pendente lite to this judgment and now assigns the same as error. The defendant filed an amendment setting up the printed unsigned form as exhibit A to its amendment alleged to have been received by it on June 7, which is here set out in full.

 Gettier-Montanye Inc.

Baltimore, Md. Vernon 0119
Davidson Granite Company Inc. This is an acknowledgment of your
Lithonia, Georgia. order — check carefully. June 3,
 1943.
Gentlemen:
We acknowledge with thanks your order given Mr. Evans, calling
for a quantity of 1000 R108, L. P. Calendar Hangers "Devotion,"
Colored, with large pad at a price of $800.00.
Copy to appear as follows: Check spelling carefully.
 No changes will be made in copy except in case of error.
 ... Worthy of Your Confidence ...
 Stonemo — The All-American Poultry Grit
 Stone Mountain Grit Co.
 — Manufactures of —
 Stonemo Granite Poultry Grit
 America's Most Popular Poultry Grit.
 Lithonia, Georgia. U.S. A.
Terms: 1%, 10 days, 30 days net f.o.b. our Maryland factory.
Entire shipment is to be made on or about when ready. Enclosures
and extras — check carefully.
 *Page 382 
... Holly Env. ... Proof $ __
... Greeting Cards $ __ ... Bows Tassels $ __
Env. Corner Cards Imprinted ... Plain Envelops $ __
 $ __ ... Mailing Envelops $ __
... Greeting Cards Imprinted ... Chipboard Protectors $ __
 $ __ ... 1000 Tuck End Mailing
... Individual Cartons Tubes $60.00
... Mailing Cartons $ __. ... Pull String Wrappers
... Refill Pads $ __

"The above extra charges, if any, make a grand total of $860.00. If there are any corrections to be made in advertising copy or other matters, kindly advise immediately before order is manufactured.
"This order is not subject to cancellation. We request that all checks be made payable to Gettier-Montanye Inc. Pay no money to salesman. We thank you for your order, which will be put in work immediately.
 "Gettier-Montanye Inc.
 Filed in Office, this 16 day of January, 1945.
 Ben B. Burgess — Clerk."

On the trial of the case Carlyle N. Montanye, sworn as witness for plaintiff, testified in part and in substance as follows: that he was president and treasurer of plaintiff company, Baltimore, Md.; that in the regular course of business the order for 1000 printed calendars and mailing tubes of defendant, Lithonia, Ga., was received by air-mail June 3, 1943 from their Atlanta salesman, J. F. Evans; that on same date he accepted said order on behalf of plaintiff company, thereupon writing salesman Evans a letter of congratulation and instructing bookkeeper to make out check that day for full amount of commission on the order which was done, same being sent that day to him by air-mail. The purchase-order copy of which is attached to plaintiff's petition and canceled check for $182 were filed in evidence. He further testified: that it has been the practice of his company to send checks to salesmen same date order is received provided credit is satisfactory and credit of defendant was satisfactory, as indicated by Dunn and Bradstreet's rating book; on same day June 3, 1943 said purchase order in accordance with customary practice of the firm, was acknowledged by mail to Davidson Granite Co., Lithonia, Ga., same being *Page 383 
an exact copy of the printed form attached to amendment to defendant's answer already set out; that on the same date purchase order was made to the Born Printing Company for imprinting the 1000 calendars sent to them; also that the purchase order was sent to Joseph Hoover Sons, manufacturer of the calendar pads. The plaintiff introduced in evidence an acknowledgment from Joseph Hoover Sons of this order, dated June 4, 1943. The plaintiff introduced in evidence a telegram from defendant dated June 7, 1943, requesting cancellation of order, thereafter certain telegram and letter consisting of correspondence between the two parties was introduced and defendant insisting therein that the agreement of plaintiff company's Evans had represented the merchandise to be a new subject not previously used, that such representation was false and fraudulent and that he was entitled to rescind and cancel the order and the plaintiff insisting that the order had already been accepted, the salesman's commission paid, the printing, unfit for others than defendant, already begun and approximately one-half completed before receipt of the defendant's telegram directing cancellation, it is also indicated by this correspondence that as the work was completed the plaintiff shipped merchandise and defendant refused acceptance. The plaintiff also introduced the witness Christian Born, of Born Printing Company, who testified that on June 3, 1943, he received from the plaintiff company 1000 art calendars with an order to print thereon on the advertising of the defendant.
The defendant introduced the witnesses Charles L. Davidson and Robert P. McLarty. Davidson testified in part and substance that on June 2, Mr. Evans came to his office with a lot of calendar specimens. Previously he had come earlier in the year but he had either quit or lost his job with the Osborne people and had called the witness and told him he would be down later and to wait on him for his calendar order. He signed the order attached to the plaintiff's petition being assured by Evans that it was a new subject not previously used. On the following Saturday, in Griffin, he saw a calendar of the same subject in use for the year 1943, his being ordered for the year 1944 and represented not to have been previously used. On the following Monday, after efforts to contact the salesman, Evans, he wired the plaintiff company in Baltimore to cancel the order. References are made throughout the *Page 384 
witness's testimony to the correspondence herein before referred to, and discloses the contentions of the parties, on the one hand the defendant as to its right to cancel the order and its subsequent reference to accepting the goods and paying for them because of the alleged false representation of the plaintiff's salesman, and the contentions of the plaintiff that it had already accepted the offer resulting in a binding contract between the parties, that any representations of the salesman not contained in the contract sought to vary its terms and were not binding on the plaintiff and that the plaintiff had already incurred the expense of paying the salesman and performing approximately one-half of the printing, rendering merchandise worthless except to the defendant. The witness McLarty testified: That salesman Evans stated to him on one occasion that he represented to Charles Davidson that the picture on the calendar was a new subject, he not knowing it had been sold to Reliance Life Insurance Co. at the time the calendars were brought. Later the witness Evans came again but on this occasion he stated he did not remember telling Davidson that the calendar was a new subject but they both assumed it was. J. F. Evans, sworn as witness for plaintiff, testified: That he did not remember telling Mr. McLarty anything regarding the contents of the contract as to being agreed to that was not contained therein. He denied representing to Mr. Davidson that the picture "Devotion" was a new subject. He said that question never came up. He said he took it for granted it was a new subject, and that it was new at that time because it was not sold but to one place distributing from a small town. On the trial of the case the jury returned a verdict for the defendant. The plaintiff filed a motion for new trial on general grounds and thereafter amended the same by adding special grounds, 4 to 8 inclusive. Special grounds 4 to 7 inclusive, assign error upon the admission of certain evidence of various witnesses for the defendant over objection of the plaintiff tending to support the defendant's position that he executed the purchase order for the merchandise in question as a result of the fraudulent representation of the plaintiff's salesman that the same was a new subject not previously used, it being contended by the plaintiff that all such evidence was inadmissible as seeking to vary the terms of a written contract with respect to the provisions contained in the purchase order as follows: "There are no *Page 385 
understandings, agreements, representations, or warranties, express or implied herein, respecting this order or the goods above mentioned."
Special ground 8 is aimed at that portion of the charge submitting to the jury the question of whether or not the execution of the purchase order was obtained by fraud.
The court overruled the motion for new trial on each and every ground thereof. The plaintiff brings error on the judgment of the court overruling certain grounds of its demurrer to defendant's answer and the judgment of the court overruling its motion for new trial.
1. A defendant cannot raise for the first time in his brief before this court the question whether the plaintiff pursued the wrong remedy. If the plaintiff's case is subject to this criticism, the defect, if any, appears on the face of the petition. Generally, in the absence of a demurrer or motion to strike, parties to litigation have the right to prove their pleadings as laid.Clark v. Bandy, 196 Ga. 546 (supra).
In its reply brief the defendant insists that this is not a new question and that the same was insisted upon at the trial. The record fails to disclose any reference to this question prior to its being brought up in the briefs of the defendant in this court.
2. (a), (b) Offer and acceptance. Section 20-108 of the Code provides: "The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete; until assented to, each party may withdraw his bid or proposition."
Both parties insist that the letter attached to the amendment to the answer of the defendant did not purport to accept the offer, but was merely an acknowledgment of the same; the defendant assuming this position in one of its amendments to its answer and the plaintiff by brief. In order for an answer to an offer to amount to an acceptance so as to result in a contract it must be unconditional and identical with the terms of the offer.Anderson v. Mangham, 32 Ga. App. 156 (supra); Monk v.McDaniel, *Page 386 116 Ga. 108 (supra). The letter herein referred to fails in this respect. The time of payment is one variance; the conditions under which the order may be canceled is another; there are others. Hence the letter cannot constitute such acceptance as for the order to result in a contract between the parties. But as before pointed out, neither of the parties relies upon it as such acceptance. The position of both is that it is but an acknowledgment. Therefore, since an offer, to ripen into a contract must be unequivocally accepted, this offer, if it so ripened, must have been accepted in some manner other than by the letter received by the defendant at its office, Lithonia, Ga. through the mails from the plaintiff at Baltimore, on June 7, 1943.
The offer is in writing, and if unequivocally accepted it becomes the contract. The construction of a written contract is for the court. Code, § 20-701. But whether the offer is accepted so as to become a contract may be a question for the jury.Silver v. Crescent Hat Co., 61 Ga. App. 81 (5 S.E.2d 593). The plaintiff in this case relies upon the doing of acts contemplated by the offer to constitute acceptance. An offer may be accepted in this way. Sheffield v. Whitfield, 6 Ga. App. 763
(2) (supra); Hollingsworth v. Peoples Bank, 179 Ga. 710
(supra).
We came next to deal with the question as to whether the evidence shows that the plaintiff did any act contemplated by the order or offer which would constitute an acceptance. It must be kept in mind, as we have heretofore pointed out, that the letter acknowledging the order or offer differed with the same in several material particulars. It is written admission on the part of the plaintiff that it did not propose to do acts contemplated by the offer, or to do acts which would amount to an acceptance of the offer. It at least shows that the minds of the parties never met sufficiently to ripen the offer into one which by the doing of certain acts would amount to an acceptance of the offer as made. These acts must be done in contemplation of an unequivocal and identical compliance with the offer. See,Anderson v. Mangham, supra, and Monk v. McDaniel, supra. The evidence in this case fails to show that the acts which the plaintiff claimed to have done were being done unequivocally and unconditionally in compliance with the identical offer. Indeed, the whole evidence negatives *Page 387 
the fact that the acts were so done. This being true, the evidence demanded a finding that the offer was never accepted unequivocally, unconditionally and identically. Having reached this conclusion, the other assignments of error need not be considered.
Judgment affirmed. MacIntyre, P. J., and Gardner, J.,concur.