### 44875. WEIKERT v. LOGUE.

JORDAN, Presiding Judge. The plaintiff, Mary Elizabeth Logue, individually and doing business as Lenox Personnel, seeks $1,450 as compensation for services performed in obtaining employment for the defendant, Phillip H. Weikert, with the Burroughs Corporation, basing her claim on the arranging of an interview and a referral after the defendant had signed

a writing captioned "Contract with Lenox Personnel" which states that Lenox Personnel is licensed, bonded, and operated under Georgia law, and regulated by a division of the State Labor Department, and which provides that "If I accept a position with any firm or person to whom you have sent me within six months of such interview, or if any prospective employer to whom I have been referred by your company should refer me to some other firm or employer, then such referral shall be considered as due to your efforts and I agree to pay the fees as herein stipulated." This is followed by provisions covering the computation and payment of fees. The defendant admits the execution of the writing, and that he accepted employment with Burroughs Corporation, but he denies that the plaintiff "acquired or aided in the acquisition of employment." The defendant moved for a summary judgment, contending that the writing is not an enforceable agreement upon which the plaintiff may bring an action. No matter outside the pleadings was submitted and the trial court denied the motion, from which the defendant appeals. *Held:*

1. The record failing to disclose that any matter was presented to or considered by the trial court outside the pleadings, the motion for summary judgment is, in effect, a motion for judgment on the pleadings. See § 12 (c), CPA; Ga. L. 1966, pp. 609, 623 (*Code Ann.* § 81A-112 (c)). Regardless of whether it is a motion for summary judgment or a motion for judgment on the pleadings, however, the certificate of the lower court is sufficient to support an appeal from his ruling.

2. The contention to the effect that the contract, if any, was with Lenox Personnel, which is not identified as a legal entity, therefore not giving the plaintiff any standing to sue, is without merit, for the plaintiff makes it clear that Lenox Personnel is only a trade name under which she is doing business as an individual.

3. As the writing does not, in itself, impose any obligation on Lenox Personnel to do anything, it is nothing more than an offer to make use of the services of Lenox Personnel, in return for a fee if employment is obtained resulting therefrom, and as such, standing alone fails to create any enforceable obligation. But the plaintiff alleges, in effect, that she did accept this offer by providing the contemplated services, which the defendant used, resulting in his employment with

the Burroughs Corporation. One may accept an offer by doing the acts contemplated by an offer, thus creating an enforceable contract, and where, as here, the defendant denies that the plaintiff performed these acts, whether the offer was accepted in this manner is a matter of proof and a question for the jury. See *Code* §§ 20-101, 20-107, 20-108, 20-701; *Sheffield v. Whitfield*, 6 Ga. App. 762, 764 (65 SE 807); *Spence Drug Co. v. American Soda Fountain Co.*, 11 Ga. App. 473, 476 (75 SE 817); *Silver v. Crescent Hat Co.*, 61 Ga. App. 81, 83 (5 SE2d 593); *Gettier-Montanye, Inc. v. Davidson Granite Co.*, 75 Ga. App. 377, 386 (43 SE2d 716).

*Judgment affirmed. Whitman and Evans, JJ., concur.*

SUBMITTED NOVEMBER 4, 1969—DECIDED FEBRUARY 11, 1970.

*Cochran, Camp, Snipes & Jose, J. A. Cochran,* for appellant.