A97A0655. CARDIN v. OUTDOOR EAST, A LIMITED PARTNERSHIP.
(481 SE2d 872)

ELDRIDGE, Judge.

On March 1, 1991, Cathy M. Cardin, appellant, through a power of attorney exercised by C. Dewayne Cardin, her husband, executed an 18-year sign lease on a form lease with Outdoor East, appellee. The lease was witnessed by an official and an unofficial witness so that it could be recorded. The lease was a unilateral contract in which appellant as lessor made various promises in writing to appellee, but the appellee, lessee, made no mutual promise in return of any kind on the written form; the appellee did not execute the form, which had no designated area for such execution.

In short, no binding written promise to lease was made by appellee intentionally so that it could have the option to perform annually upon payment, while still binding appellant. The lease granted "a line of sight easement to and from said plot of land and said Highway # *I-75* and with both rights of ingress and egress to and upon said lot and line of sight easement therefrom over and across all lands of the undersigned to and from said location. . . ." Appellant could not give an easement for line of sight within land owned by the State Department of Transportation along I-75, but did give such easement over her own land.

On March 31, 1991, appellee paid appellant $5,000, which was a

prepayment for two years under the unilateral contract. Thereafter, appellee entered the premises and surveyed it for a sign. On January 24, 1994, prior to the third year payment date, Mike Howard, General Manager, Georgia Division, Outdoor East, wrote appellant and notified appellant that appellee would not continue to rent the property for the year 1994 or subsequently.

Appellant sued appellee for breach of the contract. Appellee answered and admitted that it entered into the signed lease agreement. However, appellee denied that it had leased the property for 18 years. Appellee moved for summary judgment, which was granted. Timely notice of appeal was filed by appellant.

Appellant's sole enumeration of error is that the trial court erred in granting summary judgment. We do not agree.

The agreement is a unilateral contract in which appellant makes various promises in consideration of performance by appellee. Appellee, in the written form executed on behalf of appellant, never promised to do or not to do anything; the agreement lacked mutuality of obligation unless and until appellee performed annually. Appellee's performance by payment created a year-to-year tenancy, although appellant had bound herself to the terms and conditions on an annual basis renewable annually for a total of 18 years. Appellee, at any time, could abandon its interest by failing to perform or by timely notice of termination, which would bring the unilateral contract to an end. Appellant freely, knowingly, and voluntarily executed this unilateral contract and received all that she was entitled to receive under its terms.

A unilateral contract is an offer in writing which makes promises in consideration for acts of performance which are not only the acceptance, but also the consideration flowing to the party making the offer in writing. See *State of Ga. v. U. S. Oil Co.*, 194 Ga. App. 1, 2 (389 SE2d 498) (1989); *Classic Restorations v. Bean*, 155 Ga. App. 694 (272 SE2d 557) (1980); *Weikert v. Logue*, 121 Ga. App. 171 (173 SE2d 268) (1970); *Benefield v. Malone*, 112 Ga. App. 408 (145 SE2d 732) (1965); *Gettier-Montanye, Inc. v. Davidson Granite Co.*, 75 Ga. App. 377 (43 SE2d 716) (1947).

When there has been an agreement to pay rent, the relationship of landlord and tenant arises. *Edwards v. Gulf Oil Corp.*, 71 Ga. App. 649 (31 SE2d 677) (1944). However, to create the relationship it is not necessary for the tenant to take possession. *Hudson v. Stewart*, 110 Ga. 37 (35 SE 178) (1900). Where only the lessee in possession has executed a lease but the lessor has not executed the lease, such factual situation creates only a tenancy at will. *Lewis v. Floyd*, 126 Ga. App. 520 (191 SE2d 291) (1972). An oral agreement to renew a written lease for a lease period longer than one year is ineffective; to provide a lease extension for more than one year, the renewal must

be in writing. *Brookhill Mgmt. Corp. v. Shah*, 197 Ga. App. 305 (398 SE2d 290) (1990); *Hooks v. Lease*, 68 Ga. App. 850 (24 SE2d 601) (1943). However, a renewal of a lease for no more than one year can be done orally or by performance by prepayment of the lease for one year. *King v. Pattillo*, 19 Ga. App. 59 (90 SE 1033) (1916); see also *Butler v. Godley*, 51 Ga. App. 784 (181 SE 494) (1935).

Appellant had a landlord-tenant relationship with appellee on a year-to-year renewable option. Appellee gave timely notice that it was canceling the agreement, which notice terminated appellee's liabilities to appellant, not only under the unilateral contract but also as imposed by statute as a tenant.

Appellant entered into a one-sided contract that gave her no enforceable rights against appellee. Appellee never in the written contract promised anything to appellant; the contract was clear and unambiguous in all its terms. Appellee fully performed under the contract until it chose to terminate the contract by no longer performing. Appellee had the legal power to terminate the contract by not performing in the future, which terminated the contract, because appellee in the contract never gave a written promise to perform in the future, reserving in its power the ability to terminate the unilateral contract by non-performance. The trial court did not err in granting the motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED FEBRUARY 18, 1997.

*Smith, Hannan & Parker, Bradley M. Hannan*, for appellant.
*Elliott & Blackburn, Walter G. Elliott II*, for appellee.

